SELINA REED v. FREDERICK P. SIDDALL and Others.[1]

May 29, 1903.

Nos. 13,511—(86).

## Registration of Title—Torrens System.

Upon a judgment duly obtained under the "Torrens system" of land transfers (Laws 1901, p. 348, c. 237), several lien claimants who had not been served with summons made application within the proper time for leave to come in and assert their rights. *Held*:

## Affidavit by Partner.

1. That a member of a partnership seeking to establish its lien claim might make the affidavit for his firm required by Laws 1901, p. 356, § 28 (c. 237).

## Same—Notice.

2. That it was not necessary for such affiant to negative the fact that other members of the firm had knowledge of the application to register.

## Affidavit by President—Absence of Notice.

3. That an affidavit of the president of a corporation that it did not have the knowledge required by Laws 1901, p. 356 (c. 237, § 28), was properly made by such officer, and was sufficient in form.

## Application to Make Defense.

4. That where a defendant named in the proceedings and served with summons, against whom judgment had been regularly entered, applied to come in and defend against the lien claimants, he could not demand such relief as a matter of right, and was properly refused in the exercise of the court's discretion.

Application by Selina Reed in the district court for Hennepin

[1] Reported in 95 N. W. 303.

89 M.—27

county to have the title to land registered. Upon the report of the referee summons directed to defendant Frederick W. Siddall, and other persons unknown, was issued and served, and a decree in favor of plaintiff was entered by default. Thereafter Nelson-Tuthill Lumber Company and others claiming liens upon the premises, moved to vacate the decree and for leave to answer. Defendant Siddall appeared upon the hearing of the motion and applied for leave to defend. From an order, McGee, J., vacating the decree as to the lien claimants only and denying relief to defendant Siddall, plaintiff and defendant Siddall appealed. Affirmed.

*Fred W. Reed*, for appellants.

*Smith & Wilson, A. B. Darelius, Castner & Grotte, Arthur G. Morey* and *B. W. Smith*, for respondents.

LOVELY, J.

On April 29, 1902, Selina Reed made application, under Laws 1901, p. 348 (c. 237), ("Torrens system" of land transfers), to have the title to lot 7, block 4, and lots 10 and 11, block 5, in Island Park addition to Minneapolis, registered. Frederick P. Siddall and unknown parties were named defendants. The summons and application were personally served upon Siddall and on the unknown parties by publication, as required by the statute. There being no appearance within proper time, and the law in all respects having been complied with, judgment was entered in favor of the applicant (designated as plaintiff), whereby she was decreed to be the owner of the property. The decree states that defendant Siddall was in the possession of lot 7 under a contract to convey.

On August 6, following, the Nelson-Tuthill Lumber Company, a copartnership, obtained an order to show cause why the firm should not be permitted to open the judgment, to enable it to assert a lien for material furnished to one Wickstrom, who was constructing a house on lot 7 under a contract with Siddall. The court likewise authorized other lien claimants to appear therein. These were Aaron Carlson, Frank T. Thompson, Warner Hardware Company, and the Superior Mantel Company, respondents here, who had furnished Wickstrom material or performed labor

upon the house he was building for Siddall. Each tendered answers and made showing by affidavit to set aside the default, asking leave to establish their rights as lienors under the laws applicable thereto.

Upon the hearing of this order, Siddall also appeared, and set forth by affidavit: That he had a contract for the purchase of lot 7, by the terms of which he was to erect a house thereon, plaintiff furnishing the money, but it was not reduced to writing until shortly before the default judgment was entered against him. That on September 28, previous, he had entered into a contract with one Wickstrom to build the house, and, at the time of the application to register under the Torrens law, it was agreed between plaintiff and himself that they were the only persons interested in the premises; that his rights should not be cut off or in any way prejudiced by the proceeding, the sole purpose of which was to establish the title to the three lots named in the application to register; that, when the proceedings therefor were perfected, lot 7 should be transferred to him upon payment therefor to plaintiff. Affiant stated further that he was unaware of any lien claims upon the building until June 20, when it was discovered that Wickstrom had left the city of Minneapolis. A stipulation between Siddall and plaintiff was also filed, wherein it was agreed that, if the decree was opened for the lienors, the judgment might be opened to enable him to defend against their claims. Upon the hearing the court ordered the registration decree vacated so far as to allow each of the lien claimants to answer, but denied Siddall the relief solicited by him. From this order the plaintiff and Siddall join in an appeal to this court.

We do not deem it necessary to consider or refer to other provisions of chapter 237, supra, than are directly applicable to the contentions of appellants here; but it may be well to premise, that the "Torrens system" has been applied to all counties in this state having a population of over seventy-five thousand people, and contains a complete method of procedure to obtain judicial determination of the interests of claimants to real property, whereby their rights therein may be finally established and registered. This law has been assailed in this court upon the ground that it is violative

of constitutional sanctions, but was sustained in State v. Westfall, 85 Minn. 437, 89 N. W. 175. In the opinion of the CHIEF JUSTICE in that decision will be found an accurate statement of the purposes of the law, as well as a summary of the essential processes through which the legislature sought to attain in the transfer of lands a more reliable certainty and confidence than had previously been known, so that a purchaser of real estate could be assured by the last registered transfer that the title was in the apparent record owner. This is to be accomplished by providing that the proceedings shall be conducted under the authorty of a court having jurisdiction of the subject-matter, instituted upon the voluntary application of the party desiring registration, who must give due notice to all parties interested in the land. A hearing by the court is provided for, and judgment is to be entered after hearing. The scheme thus seeks to embrace all the constituent elements of due process of law, and thereby obtains the desired results without depriving any one of vested rights, as we held in State v. Westfall, supra. This is the first review of the practical application of the new system, but involves no other questions than whether the court below was justified in opening a judgment as to certain parties, and denying it to another.

It is urged in behalf of the appealing plaintiff that the lien claimants have not shown the necessary facts to authorize the opening of the judgment in their favor. Their rights in this respect must rest upon the terms of Laws 1901, p. 356, § 28 (c. 237), which provides that

"Any person having an interest in or lien upon the land who has not been actually served with process or notified of the filing of the application or the pendency thereof may at any time within sixty days after the entry of such decree, and not afterwards, appear and file his sworn answer to such application, * * * provided, however, that such person had no notice or information of the filing of such application or the pendency of the proceeding during the pendency thereof, or until within three months of the time of the filing of such answer, which facts shall be made to appear before answering by the affidavit of the person answering or the affidavit of some one in his behalf having knowledge of the facts."

The affidavit made on behalf of the Nelson-Tuthill Lumber Company sets forth that it is a partnership, and that the firm had not at any time since April 29, 1902, been served with any process or notified of the filing of the application or the pendency thereof until July 29, 1902. The point is made in reference to this showing that it impliedly admits that the partnership might have had such information on April 29, the date of the application to register; but it is not easy to reconcile this claim with the further assertion therein that since this date it did not possess such information, and, the application being filed on that day, the reasonable import of such statement is that since the filing within the times referred to therein the firm did not have knowledge of it. Again, it is insisted that the affidavit was made by one, only, of the members of the firm, and that he has not negatived the possible knowledge of the application to register within the time specified by other members of the firm, nor stated that he himself did not have such knowledge; but it seems clear that the positive statement of one member that his firm did not have knowledge of a fact applies to all the partners.

It is also objected to the affidavit for the Warner Hardware Company, by its president, showing the corporation had not received any notice or information whatever of the application, or any of the steps had thereunder, during the pendency thereof, or until August 21, 1902, that it was insufficient, upon the ground that it did not further show that the president himself did not have such knowledge, and does not negative the possibility thereof by other members of the corporation. It would seem clear that the corporation could not make the required showing in any other way than through an officer or agent; hence the statement by the president that the corporation was not in possession of knowledge of an essential fact was proper.

It is objected to the affidavit furnished in behalf of the Superior Mantel Company that it does not appear that the provisions of Laws 1901, pp. 361, 362, §§ 46, 47 (c. 237), which require the claims to be filed, indexed, and entered with the "registrar of titles" so designated, were sufficiently complied with by the statement that the lien claims were filed with the register of deeds, since under

the Torrens law, the register of deeds is the registrar of titles, and more need not be said in answer to this objection, for the inference is apparent.

We regard these objections as exceedingly technical and of no substantial importance.

The affidavits which were submitted with answers of conceded merit by the lien claimants were sufficient, and we conclude that the court was right in holding that there was a reasonable compliance with section 28, above quoted, in permitting the lienors to establish their claims in the registration proceedings.

The only question which remains to be considered is whether the application of Siddall to defend against the liens was properly refused. On first impression, it would seem but fair to allow this party to contest the liens; but reflection will correct this view, for the object of the "Torrens system" and the necessity of giving it effective force, cannot be disregarded. Hence it must be so construed, if possible, that in practical operation it will accomplish its purpose. Defendant Siddall was personally served, and had an unquestioned right to disclose his relations in the registration proceedings, either with the contractor, Wickstrom, or the lien claimants, if he thought it necessary, and by the express terms of section 28, supra, could not afterwards complain if he failed to do so; but he relied, doubtless, upon his contract with Wickstrom, the latter defaulted and left him in the lurch. In this respect the relations between these parties were no different from others, not controlled by this law, who contract for the erection of buildings, subject to the lien laws, and the arrangements made between the two original parties, under which the judgment was entered, ignored these claims, which both were legally bound to anticipate. Hence, judgment being regularly entered against the defaulting party, there is no more reason in asking to have it set aside for his benefit, to dispute the claims of the lienors, than to allow such relief to a person not a party to the record, for after judgment against him this defendant was a stranger, in every legal sense, to the proceedings, and could not, as a matter of right, intervene. In view of the provisions of section 28, supra, whether the court was authorized, upon any showing, to let defendant Siddall in to de-

fend against the lien claimants, was addressed to the sound discretion of the court, and there are very pertinent reasons for holding that it was not abused, since it does not appear upon the showing of the defendant that he has any just reason for disputing the rights of the lienors, or a meritorious defense to their claims.

Order affirmed.