SELINA REED v. FREDERICK P. SIDDALL and Others.[1]

February 10, 1905.

Nos. 14,123—(125).

**Registration of Title to Real Estate.**

The object and purpose of chapter 237, p. 348, Laws 1901, known as the "Torrens Act," was to provide a speedy and summary method of determining rights and interests in real property, and to authorize the court, in proceedings thereunder, to hear and determine all controversies respecting the title, and by proper decree to definitely fix, establish, and declare the title, rights, and interests of all interested parties.

**Mechanic's Liens.**

The court has no power, in proceedings conducted under the act, to order the foreclosure of mechanics' liens. The existence and validity of such liens may be determined and decreed, but not their foreclosure.

[1] Reported in 102 N. W. 453.

**Foreclosure of Lien.**

The filing of an answer by a defendant in such proceedings, setting up the existence of a mechanic's lien, is not equivalent to the commencement of an action to foreclose the lien, and does not operate to continue the same in force beyond the period limited for its foreclosure by the general statutes.

**Burden of Proof.**

The burden of proof is upon the party asserting a mechanic's lien in proceedings under the Torrens act to register title, to prove that at the time of the trial in such proceedings the lien was a valid and existing one.

Appeal by defendants, Aaron Carlson, Nelson-Tuthill Lumber Company, Frank T. Thompson and Warner Hardware Company, from a judgment of the district court for Hennepin county entered pursuant to the findings and order of Harrison, J. Affirmed.

*A. B. Darelius,* for appellant Carlson.

*Smith & Wilson,* for appellants Nelson-Tuthill Lumber Co. and Warner Hardware Co.

*F. H. Castner,* for appellant Frank T. Thompson.

*A. C. Finney* and *Fred W. Reed,* for respondent.

BROWN, J

In April, 1902, plaintiff made application, under the provisions of chapter 237, p. 348, Laws 1901, known as the "Torrens Act," for the registration of title to certain lots, which she claimed to own, in the city of Minneapolis. Proceedings were thereafter had as required by the various provisions of the statute, and resulted in a decree on July 26, 1902, registering title in plaintiff as prayed for in her application. Subsequently defendants applied, under section 28 of the act, for leave to interpose answers therein, and from an order granting the same an appeal was taken to this court, where it was affirmed. Reed v. Siddall, 89 Minn. 417, 95 N. W. 303.

Defendants answered, pursuant to permission granted, separately, each setting up a mechanic's lien for labor performed or material furnished in the construction of a building on one of the lots under a contract with Siddall, to whom plaintiff had, under some sort of an arrangement, agreed to sell the lot. The labor and material made the foundation of the liens claimed by the respective defendants was performed and

furnished prior to the entry of the decree registering plaintiff's title, but the liens were not perfected by filing proper statements thereof, as required by the general statutes, until after the entry of the decree, but were perfected before the answers were served. The proceedings thereafter came on for trial before the court, and resulted in a judgment in plaintiff's favor, decreeing that she was the owner of the property in question, that the liens asserted by defendants were invalid, and that plaintiff owned the property free and clear of any incumbrance on account of such liens; from which judgment defendants appealed.

Only one question is presented for consideration in this court, and that is whether defendants had the right to a foreclosure of their asserted liens in the proceedings to register plaintiff's title.

It appears from the record that the answers were interposed prior to the expiration of the year limited by the general statutes for the commencement of an action to foreclose a mechanic's lien, but that at the time of the trial in the court below the year had long since expired. The trial court held that the liens could not be foreclosed in this proceeding, and that, as it did not appear that an action had been brought to foreclose them within a year from the date of the last item of labor or material, they had expired by limitation, and were invalid.

The mere filing of the answers, setting up the liens, and demanding their foreclosure, would not, unless the right of foreclosure exists in this proceeding, toll the statute, nor obviate the necessity of bringing an action, within the period prescribed by the general statutes, formally to foreclose them. The case is analogous, and the rule as to judgments applies. G. S. 1894, § 5425, provides that a judgment shall survive and the lien thereof continue for the period of ten years, but no longer. And it has been held that an action in the nature of a creditors' bill to enforce a judgment against property alleged to have been fraudulently transferred does not continue the same in force beyond the period fixed by that statute. Newell v. Dart, 28 Minn. 248, 9 N. W. 732. That rule governs the case at bar. Defendants' liens were valid for the period of one year from the date of furnishing the last item of labor or material, and no longer, unless continued in force by the commencement of an action within the year to foreclose them, and were not thus continued by the answers setting up their existence and demanding their foreclosure.

It would be different, no doubt, if the right of foreclosure in this pro-
ceeding existed. In that case the filing of the answer would be equiva-
lent to the commencement of an action to foreclose, and would continue
the liens in force. But as the right of foreclosure does not exist in such
proceeding, as we shall presently see, the filing of the answers had no
such effect. If in fact actions had been brought to foreclose the liens,
the burden was upon defendants to prove it. In the absence of such
proof, the trial court properly held that they had expired by lapse of
time. So, as already stated, the question in the case narrows down to
whether mechanics' liens may be enforced in proceedings to register
title under the Torrens act.

We are of opinion that the trial court correctly decided this question.
A full and careful consideration of the act leaves our minds clear that
the legislature did not intend to provide for the foreclosure of mort-
gages, nechanics' or other liens, in proceedings thereunder to register
title. The object and purpose of the statute was to provide a speedy
and summary method of determining rights and interests in real prop-
erty, and to authorize the court in proceedings thereunder to hear and
determine all controversies respecting the title, and by proper decree
definitely to fix, establish, and declare the rights and interests of all in-
terested parties. The act provides for and contemplates the determina-
tion by the court of the validity of all claims of liens or incumbrances,
but not their foreclosure or enforcement.

Section 7, by which power and authority to act is conferred upon the
court, provides that

> Said court shall have power to inquire into the condition of the
> title to and any interest in the land, and any lien or encumbrance
> thereon, and to make all orders, judgments and decrees as may
> be necessary to determine, establish and declare the title or in-
> terest, legal or equitable, as against all persons, known or un-
> known, and all liens and encumbrances thereon, whether exist-
> ing by law, contract, judgment, mortgage, trust deed or other-
> wise, and to declare the priority as between the same, and to re-
> move all clouds from the title.

Section 30 provides that every person receiving a certificate of title
issued pursuant to the decree of registration shall hold the same free

from all incumbrances, except only such estates, mortgages, liens, charges, and interests as may be noted in the certificate of title; and only such are to be noted therein as are declared to exist by the judgment and decree of the court.

Section 31 provides that every decree of registration shall bear the proper date, contain a description of the land involved, set forth the estate of the owner, and all estates, mortgages, easements, liens, attachments, or other incumbrances to which the land is subject; and, further, that immediately upon the decree being entered, a certified copy thereof shall be filed with the register of titles for the benefit of all parties dealing in the land.

Section 36 provides that every certificate of registration shall contain the name of the owner, a description of the land, the estate of the owner, and by memorandum or notation contain also a description of all incumbrances, liens, and interests to which the estate of the owner is subject.

These provisions of the act clearly indicate an intention to limit the authority of the court to an inquiry into and determination of the rights of the respective claimants to real property, to declare and fix definitely the estate or interest each has therein, and to enter a decree accordingly. The act contains no suggestion from beginning to end that mortgages or liens may be foreclosed in proceedings thereunder, either by the person seeking to register his title or by a defendant asserting a mortgage, lien, or other incumbrance. The most the court is authorized to do in any case is to determine the existence, validity, and priority of liens of conflicting claimants. That the legislature intended that the ordinary proceedings for the enforcement of such liens should remain in force and be resorted to is also clear.

Section 54 provides that nothing contained in the act shall be construed in any way to relieve land title to which has been registered thereunder from any liability to attachment, levy or execution, or from liability to liens of any description established by law, or to change or affect in any way any liability created by law and applicable to unregistered land, except as otherwise expressly provided in the act.

Section 59 provides that all charges upon registered lands, or any estate or interest in the same, may be enforced in the manner prescribed

by law, and that all laws relating to the foreclosure of mortgages shall apply to mortgages upon registered land.

Section 68 covers the case at bar. It provides that all attachments, liens, and rights of every description shall be enforced, discharged, or dissolved by any proceeding sufficient and proper in law to enforce, discharge, or dissolve like liens on unregistered land. This section, construed in connection with the restricted authority conferred upon the court by section 7, would seem to settle the question adversely to appellants. It shows beyond doubt an intention on the part of the legislature to require all such liens to be foreclosed in the usual manner, and under the provisions of the general statutes providing for their foreclosure and enforcement. The validity of any such lien may and must be determined in the registration proceedings, but when its validity has been adjudicated and determined by the court, and the state of the title declared, it must be enforced in the manner prescribed by the general statutes. The pendency of a proceeding to register title would not be a bar to an action to foreclose the lien. While the validity of the lien might be involved in the litigation in the registration proceeding, full relief could not there be granted the lienholder, and the pendency of that proceeding would in no manner interfere with bringing an action for foreclosure.

There is no force to the suggestion that plaintiff is estopped from questioning the right of defendants to a foreclosure by her failure to interpose objections to the answers before trial.

Judgment affirmed.