(No. 13232.—Reversed and remanded.)
GEORGE J. LAWTON, Appellant, vs. JOSEPH F. HAAS, Registrar of Titles, Appellee.

*Opinion filed April 21, 1920—Rehearing denied June 4, 1920.*

1. REGISTRATION OF TITLE—*effect of section 94 of act for registering land titles.* Section 94 of the act for the registration of titles, providing that any person aggrieved by the action of the registrar may petition the circuit court in the proceeding in which the land was registered, continues the jurisdiction of the court to control the action of the registrar, not only as to any matter pertaining to the first registration but also as to any estate or interest therein after the first registration.

2. SAME—*appeal may be taken from decree dismissing petition under section 94 of act concerning land titles.* A decree dismissing a petition, under section 94 of the act concerning land titles, to compel the registrar to receive and file a tax deed and enter a memorial of the same upon the certificate of title is a final order within the purview of sections 25 and 26 of the act, from which an appeal is allowed under section 26, as the appeal provided therein is not intended to be limited to the original proceeding for registration.

3. SAME—*holder of tax deed may have same filed without surrender of outstanding certificate of title.* The provisions of section 83 of the act concerning land titles that no certificate of title shall be issued on a tax deed except upon the surrender and cancellation of the outstanding certificate of title or upon order of court, as provided in section 88 of the act, do not apply where the holder of a tax deed merely seeks to have the same filed by the registrar and a memorial thereof entered on the certificate of title, and under section 94 the registrar may be compelled to file the tax deed.

4. SAME—*owner of certificate of title is not a necessary party to petition to compel registrar to file tax deed.* A petition, under section 94 of the act concerning land titles, to compel the registrar to file a tax deed and enter a memorial thereof on the certificate of title in his office is to compel the performance of a purely ministerial duty and not to adjudicate anything concerning the title, and the owner of the duplicate certificate is not a necessary party.

CARTER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

ENOCH J. PRICE, for appellant.

MACLAY HOYNE, State's Attorney, (ERNST BUEHLER, and J. SCOTT MATTHEWS, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the application of George W. Toms, filed in the circuit court of Cook county, the title to lots 47 and 48, in block 3, in Car Shops subdivision of Hegewisch, in section 31, town 37, range 15, in Cook county, was registered on January 21, 1905, in the name of the applicant, under the act concerning land titles. On December 6, 1919, the appellant, George J. Lawton, filed in the same proceeding in which the land was registered his petition under section 94 of the same act to compel Joseph F. Haas, registrar of titles of Cook county, upon payment of his legal fees, to receive and file a tax deed and enter a memorial of the same upon the certificate of title, which was numbered 8708, in the office of the registrar. The defendant demurred to the petition and the demurrer was sustained and the petition dismissed for want of equity. An appeal from the decree was prosecuted to this court.

A motion to dismiss the appeal has been made by the appellee on the ground that the right to an appeal is statutory and no provision is made in section 94 for an appeal. The act, after providing for an application to a court for registration of title by the owner of any estate or interest in the land, whether legal or equitable, provides by section 25 that the court may in such proceeding find and decree in whom the title to or any interest in the land is vested and remove clouds upon title, and also whether the same is subject to any lien or incumbrance, estate, trust or interest, and declare the same, and in case the same is subject to any lien, incumbrance, estate, trust or interest, give directions as to the manner and order in which the same shall appear upon the certificate of title to be issued by the registrar, and generally may make any and all such orders and

decrees as shall be according to equity in the premises and in conformity to the principles of the act. Section 26 provides that an appeal may be allowed to this court if prayed at the time of entering the order or decree and upon like terms as in other cases in chancery. Section 94 provides that any person feeling himself aggrieved by the action of the registrar or by his refusal to act in any matter pertaining to the first registration of land or any estate or interest therein after the first registration, of any transfer or charge upon the same, the filing or neglect or refusal to file any instrument, or to enter or cancel any memorial or notation, or to do any other thing required of him by the act, may file his petition in the circuit court in the proceeding in which the land was registered, and the court may proceed therein and make such order and decree as shall be according to equity in the premises and the purport of the act. That section continues the jurisdiction of the court in which the proceeding is instituted to control the action of the registrar, not only as to any matter pertaining to the first registration but also as to any estate or interest therein after the first registration of any transfer or charge upon the land. The petitioner availed himself of the right given by section 94 upon the refusal of the registrar to file his tax deed and enter a memorial thereof on the certificate of title, and the order dismissing his petition for want of equity was a final order within the purview of sections 25 and 26, which authorize the court to make any and all such orders and decrees in the cause as shall be according to equity in the premises and in conformity with the principles of the act and provide for an appeal from such order and decree. To construe the act as contended for in the motion to dismiss would compel one against whom an order or decree is entered to resort to the provision of the Practice act providing for appeals from final judgments, orders or decrees in any suit or proceeding at law or in chancery. The proceeding is in chancery, but it was apparently intended that

the whole subject should be governed by the provisions of the act. It could not have been intended that there should be an appeal limited to the original registration, and parties to a supplemental proceeding involving the same rights and interest should not be allowed an appeal. The motion to dismiss is denied.

The facts alleged in the petition were, that on December 11, 1916, the petitioner purchased the lots in question at a sale for two delinquent special assessments; that on December 14, 1916, the same premises were sold to R. W. Matheson to satisfy the first installment of another special assessment; that certificates of purchase were issued to the petitioner and Matheson and were presented by them to the registrar of titles, who noted the tax sales certificates on the certificate of title No. 8708, as provided by section 82 of the act; that the petitioner and Matheson mailed notices to each person who appeared by the registry of titles to have any interest in the land, as provided by said section; that Matheson assigned the certificate of sale issued to him to the petitioner; that the premises were not redeemed, and the time for redemption having expired, the petitioner on December 3, 1919, filed with the county clerk the affidavits and proof necessary to entitle him to a tax deed under the tax sales certificates; that thereupon the county clerk issued to the petitioner a tax deed dated that day, purporting to convey the premises under and in pursuance of said tax sales; that on December 4, 1919, the petitioner produced the tax deed to the defendant, Joseph F. Haas, registrar of titles of Cook county, and requested that the tax deed be filed in his office and a memorial thereof be noted on the certificate of registration No. 8708, and offered to pay the registrar his fees for such filing and registration; that the defendant refused to receive the tax deed or to file the same or enter any memorial thereof upon the certificate of registration unless the petitioner should obtain the outstanding owner's copy of the certificate of registration and surren-

der it for cancellation or should procure an order from
the county court of Cook county for the cancellation of the
outstanding owner's duplicate certificate, and that the peti-
tioner had paid the amount of the tax sales, and for subse-
quent taxes, special assessments and in fees $303.12.

Section 82 of the act for the registration of titles pro-
vides that the holder of any certificate of sale of registered
land, or any estate or interest therein, for any tax, assess-
ment or imposition, shall, within three months after the
date of sale, present the same, or a sworn copy thereof,
to the registrar, who shall enter on the register a memorial
thereof stating the day of sale and the date of presentation,
and shall also note upon the certificate of sale the date of
presentation and the book and page of the register where
the memorial is entered, and unless such certificate is pre-
sented and registered and notice given as provided by the
section the land is to be released from the effect of the sale
and no deed is to be issued in pursuance of the certificate.
That section was complied with and the certificates of sale
were noted on the certificate of title, but when a tax deed
was presented showing that there was no redemption and
the sales had culminated in a deed, the registrar refused to
receive the deed or enter any memorial of it. Section 92
of the act provides that a claimant of a title or interest not
existing at the initial registry and not shown upon the reg-
ister or adverse to the title of the registered owner, where
no other provision is made in the act for ascertaining the
same in the registrar's office, may make an affidavit setting
forth his interest, right, title, lien or demand and how and
under whom derived and the character and nature thereof,
and the registrar is required to enter a memorial thereof
as in the case of a charge, and section 94 provides a rem-
edy for any refusal of the registrar to perform the duty
required of him.

In support of the decree, reliance is placed upon pro-
visions of the act for the transfer of title, the cancellation

of the outstanding certificate and the issue of a new one. Section 54 provides that a deed, mortgage, lease or other instrument purporting to convey, transfer, mortgage, lease, charge or otherwise deal with registered land or any estate or interest therein or charge upon the same, other than a will or lease not exceeding five years, where the land is in actual possession of the lessee or his assigns, shall take effect only by way of contract between the parties thereto and as authority to the registrar to register, transfer, mortgage, lease, charge or other dealing upon compliance of the terms of the act, and on the completion of such registration the land, estate, interest or charge shall become transferred, mortgaged, leased, charged or dealt with according to the purport and terms of the deed, mortgage, lease or other instrument. Section 83 is of the same nature, and provides that a tax deed of registered land or an estate or interest therein, issued in pursuance of any sale for a tax or assessment made after the taking effect of the act, shall have only the effect of an agreement for the transfer of the title upon the register and may be filed in the registrar's office and a transfer effected as in case of other deeds of conveyance, but it is provided that no certificate of title shall be issued on a tax deed except upon the surrender and cancellation of the outstanding certificate of title or upon the order of a court, as provided in section 88 of the act, and no such order shall be granted except upon petition to the court ordering the sale for the tax or assessment. Section 88 also provides for the transfer of title of registered land under a sale pursuant to a judgment, decree or order of a court, and requires for such transfer of the title a surrender and cancellation of the outstanding certificate of title or an order of the court filed with the registrar directing the transfer. Manifestly, these provisions have no relation to the filing of a tax deed and the entry of a memorial thereof, declared by section 83 as having only the effect of an agreement for the transfer of the title upon

293 — 15

the register. If the holder of a tax deed desires to have the title registered in him and to have a certificate of such title, he must surrender to the registrar for cancellation the outstanding certificate of title or present an order for such transfer by the court after personal service upon all persons in possession and notice by personal service or publication, as provided in proceedings in chancery to all persons appearing upon the register to have any interest in the premises. The petitioner did not ask for any transfer of title or to have a certificate of title issued to him, but only that the tax deed should be received and a memorial thereof entered on the certificate of title.

The burden of the argument justifying the refusal of the defendant to file the tax deed and enter a memorial on the registration certificate is, that the main objects of the act are to afford security to the registered owner in his title and to facilitate transfers, and therefore the legislative intent was that the certificate should not be incumbered by clouds on title but should at all times be as clean as possible, so that transfers can be made in the quickest manner possible. Another reason insisted upon as showing a legislative intent that tax deeds should not be noted on the certificate is, that a provision of that kind would be useless because section 55 of the act provides that no transfer of title to land or any estate or interest therein, or mortgage, shall be registered until it shall be made to appear to the registrar that the land has not been sold for any tax or assessment upon which a deed has been given and the title is outstanding or upon which a deed may thereafter be given, or that the transfer or mortgage is intended to be subject thereto, in which case it shall be so stated in the certificate of title. Efforts to harmonize these propositions of counsel have been unproductive. By one it is insisted that the purpose of the act is that clouds upon title shall not appear on the register but the title should appear clear so as to facilitate transfers, and by the other that the registrar shall

take notice of the existence of unregistered tax deeds and refuse to transfer the land except subject to unregistered deeds, and if so subject, to enter a memorial on the new certificate showing the tax deed and thereafter carry it forward on certificates until canceled in some manner authorized by the act. The provisions of section 55 would certainly hamper and interfere with facility of transfer as much, and perhaps more, by causing delay as it would to have the tax deed noted by the registrar in his own office. The legislative intention that certificates of title should be clear and not show existing clouds or charges is not discoverable from any provision of the act, but the intent apparent from numerous provisions is that the actual state of the title shall be shown. Another inconsistency in the argument is that there is no denial of the duty imposed upon the registrar by section 82 of the act to enter on the register a memorial of any certificate of sale of registered land, or any estate or interest therein, for any tax, assessment or imposition, stating the day of sale and the date of presentation. That duty was recognized and performed by the registrar in the case of the certificates of sale in question, and the provision shows that the register should contain charges on land and not that the registrar is to search other records than his own. Under the Revenue act, unless the holder of a certificate for real estate purchased at a tax sale takes out a deed as entitled by law and files the same for record within one year after the redemption expires, the certificate or deed, and the sale on which it is based, become null and void, and we do not see how it can be said that there was an intention to not give the holder of a tax deed protection by filing his tax deed showing that there was no redemption and that a tax deed had been made.

It is suggested that the court was right in sustaining a demurrer for want of necessary parties, because the owner of the duplicate certificate of title was not made a defendant. The demurrer was general, but if the owner was a

proper party he was not a necessary one. The petition was to compel the registrar to perform a purely ministerial duty and not to adjudicate anything concerning the title.

The decree is reversed and the cause is remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*

Mr. JUSTICE CARTER, dissenting.