(No. 13430.—Reversed and remanded.)
WILLIAM J. CURTIS, Appellant, vs. JOSEPH F. HAAS,
Registrar of Titles, Appellee.

*Opinion filed June 22, 1921.*

1. REGISTRATION OF TITLE—*the Torrens law construed as to memorials of charges and liens.* It is the intention of the Torrens law that no memorial of any charge, lien or claim shall be entered by the registrar without due proof before him that the instrument is a proper charge, lien or claim against the land, and that the person presenting the instrument shall make such proof and also that he is the owner of the instrument.

2. SAME—*what necessary before party can charge registered land as an attorney in fact.* While section 67 of the Torrens law authorizes a person having a claim against registered land to charge the land by an attorney in fact, yet such attorney in fact must have a deed or other instrument authorizing him to act, which must be filed with the registrar.

3. SAME—*registrar not authorized to search records for liens and note them on certificate of title.* The Torrens law does not authorize the registrar of titles, after issuing a certificate of title to the person entitled thereto, to make an independent and voluntary search of the records of the county clerk and of the courts of the county to discover subsequent tax or special assessment liens and note a memorial thereof on the certificate of title and the owner's duplicate thereof.

4. SAME—*owner of certificate of title may have unauthorized memorials of registrar canceled.* Under sections 93 and 94 of the Torrens law the owner of a certificate of title is entitled to have canceled certain memorials of tax and special assessment liens entered by the registrar upon the certificate of title and the owner's duplicate thereof without any authority of law and as a result of his own independent search of records other than those of his office, and such right is not abridged by the provisions of section 101 providing for reimbursement to the owner for mistakes of the registrar.

5. SAME—*registrar of titles has no authority not given by the Torrens law.* The registrar of titles has no authority not given him by the provisions of the Torrens law, and section 45 of said law, authorizing him to note memorials on certificates of title when issued, only authorizes him to carry forward from all former certificates such memorials or notations as were entered on such certificates and have not been canceled in some manner authorized by law.

6. SAME—*when a village is not a necessary party to petition to cancel memorials of liens on certificate of title.* The village or other municipal corporation levying the special assessments upon which the registrar of title has, without authority of law, based his memorials of liens and charges upon a certificate of title is not a necessary party to a petition by the owner of the certificate to require the registrar to cancel such memorials.

APPEAL from the Circuit Court of Cook county; the Hon. M. W. PINCKNEY, Judge, presiding.

ROLAND R. HURFORD, for appellant.

MACLAY HOYNE, State's Attorney, (ERNST BUEHLER, and J. SCOTT MATTHEWS, of counsel,) for appellee.

ROBERT E. CROWE, State's Attorney, (WILLIAM H. DU-VAL, of counsel,) for appellee on rehearing.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On the application of Morton T. Culver filed in the circuit court of Cook county, the title to lots 18 and 19 in block 1, Hartwell's addition; lots 24, 25, 26, 27 and 28 in block 6, Ira Brown's addition; and lot 21 in block 6, Culver & Johnson's addition, all in the village of Glencoe, in the county of Cook, was registered in his name January 11, 1906, under the act concerning land titles. The title to said lots was thereafter acquired by appellant, William J. Curtis, and on May 13, 1919, appellee, Joseph F. Haas, registrar of titles, registered the title and issued to Curtis an owner's duplicate certificate of title, No. 63,770, in pursuance of section 47 of said act, commonly known as the Torrens act. He then on the original certificate of title and on the owner's duplicate certificate issued to Curtis noted as memorials of estates, incumbrances and charges eight special assessments and various warrants purporting to have been confirmed and levied on various of said lots. One of these special assessments was confirmed in 1910,

two in 1911, one in 1912, one in 1914, two in 1915, and the last in April, 1919. It was also noted on the certificate that all of the annual installments on the assessments that were due for the years 1910 to 1918, inclusive, except about five, had been delinquent and that several of the lots against which the assessments had been made had been forfeited. The memorials aforesaid were entered on the certificate by the registrar without authority after he had made a voluntary search of the records in the office of the county clerk and of the various courts of said county for the purpose of ascertaining whether there were any special assessments or other matters that might be made charges against the lots that were not satisfied of record. No transcript of any judgments of confirmation of the special assessment proceedings, or of any judgment and order of sale under authority of which the forfeitures were entered, or any certificate of any of the forfeitures, was ever filed in the office of the registrar. None of the forfeitures were ever extended on the warrants in the hands of the county treasurer for collection on or prior to the date of Curtis' certificate of title. None of them appeared upon the certificate of the registered owners of the lots at the time the title deed of Curtis was filed with the registrar, by authority of which he transferred the title to Curtis. Curtis had no knowledge or notice of the special assessments or forfeitures prior to the entry of the memorials. The memorials constitute clouds on Curtis' title and tend to depreciate the market value thereof. On September 22, 1919, Curtis filed a petition in the circuit court of said county under section 94 of said act alleging the foregoing facts, to compel appellee to cancel and expunge from his certificate of title all of said memorials, and that he be required and directed to register his title to said lots free and clear of the memorials and to issue to Curtis his owner's duplicate certificate of title without such entries. Appellee appeared in court and filed a general and special demurrer to the peti-

tion, which the court sustained and dismissed the petition. Curtis has appealed.

Section 93 of the Torrens act provides that "whenever any person interested in registered land, or any estate or interest therein, or charge upon the same, shall be entitled to have any certificate of title, memorial or other entry upon the register canceled, removed or modified, and the registrar or person whose duty it shall be to cancel, remove or modify the same, shall upon request, fail or refuse so to do, * * * the circuit court of the county where the land is registered, may upon petition of the person interested, make such order as may be according to equity in the premises." Section 94 provides, in substance, that such person may file his petition in the circuit court in the proceeding in which the land was registered, making the registrar and other persons whose interests may be affected parties defendant, in case the registrar shall fail to cancel any memorial or notation on request, and that the court may proceed therein to make such order or decree as shall be according to equity.

The charge in the petition is that the registrar made a voluntary and independent tax search for tax liens or charges against the lots and without any authority of law entered the memorials in question upon the certificate of title and the owner's duplicate. It is the contention of appellant that such acts of the registrar being wholly unauthorized by law, it is his right under section 93, upon filing a proper petition as aforesaid, to compel appellee by an order or decree of court to cancel such memorials, and that this right is unaffected by the further question of the right of the village of Glencoe to have said memorials entered upon taking proper steps to have the registrar enter them. Our conclusion is that this contention must be sustained. Section 55 of the act specifically provides that "no transfer of title to land, or any estate or interest therein, or mortgage, shall be registered until it shall be made to

appear to the registrar that the land has not been sold for any tax or assessment upon which a deed has been given, and the title is outstanding or upon which a deed thereafter may be given." Section 58 provides that "every mortgage, lease for a term not exceeding ten years, contract to sell, and other instrument intended to create a lien, incumbrance or charge upon registered land or any interest therein shall be deemed to be a charge thereon," and may be registered as in the act provided. Section 60 provides that "on the filing of the instrument intended to create the charge in the registrar's office, and the production of the duplicate certificate of title, and it appearing to the registrar that the person intending to create the charge has the title and right to create such charge, and that the person in whose favor the same is sought to be created is entitled by the terms of this act to have the same registered, he shall enter upon the proper folium of the register, and also upon the owner's certificate, a memorial of the purport thereof and the date of filing the instrument," etc. There is no section of the act that authorizes the registrar to search for liens or charges of any kind and of his own voluntary motion to note upon the certificate of title and the owner's duplicate certificate memorials of such charges or liens. A consideration of the act shows clearly that it was the intent of the legislature that no memorial of any charge, lien or claim should be entered by the registrar without due proof before him that the instrument is a proper charge, lien or claim against the land, and that the person presenting the instrument shall make such proof and also that he is the owner of the instrument. While section 67 provides that any such person can charge registered land, or any estate therein, by another as his attorney in fact, still before such attorney in fact can do so he must have a deed or instrument empowering him to do so, and the same shall be filed with the registrar and a memorial thereof be entered upon the register.

There is one section of the statute (section 45) that authorizes the registrar to note memorials on certificates of title when made by him, and it only authorizes him to carry forward from all former certificates such memorials or notations as were entered on such certificates and not canceled in some manner authorized by law. The petition alleges no such memorials were entered upon any former certificate. He has no authority other than that given him by the act. There are various sections in the statute prescribing the manner in which an owner of a lien, charge or claim may proceed to charge registered land and make his lien effective. Section 82 prescribes how the owner of a tax sale certificate shall proceed. Section 85 prescribes the method of procedure in case of any judgment, decree or order of any court. Section 86 states how attachments may become liens. Section 89 prescribes how liens of mechanics and others may become liens on registered land. These statutory provisions are mandatory and must be followed strictly according to the statute in order to obtain such liens against registered lands. The positive declaration of section 90 is that "no statutory or other lien shall be deemed to affect the title to registered land until after a memorial thereof is entered upon the register" as in the act provided.

The voluntary action of appellee in entering the memorials in question on the certificate of title of appellant was wholly unauthorized and could not be held to create liens or charges against appellant's lots, as they were not proved and entered in accordance with any provision of the statute. Without at this time passing upon the question whether or not such special assessments are liens upon said lots, or whether the village of Glencoe or the State is required to take any steps before the registrar to acquire or continue the lien given by the statute for other than general taxes for the current or fiscal year in which a certificate is issued or for special taxes or assessments which have been confirmed, we hold that appellant is entitled to have the

memorials in question canceled as prayed in his petition, as unauthorized and void entries. Such entries so made can serve no useful purpose whatever to taxing authorities, and necessarily tend to prejudice registered owners of land by the entry of memorials of purported liens and charges not established as required by the act and which may have been satisfied although not canceled of record. To sanction such a practice would necessarily invite many other such unauthorized acts of the registrar, which would precipitate a multiplicity of suits to protect rights of registered owners authorized by sections 93 and 94 of the act.

Section 40 of the act provides that registered owners of any estate or interest in land shall, "except in cases of fraud to which he is a party, or of the person through whom he claims without valuable consideration paid in good faith, hold the same subject only to such estate, mortgages, liens, charges and interests as may be noted in the last certificate of title in the registrar's office and free from all others, except," etc. Exception 4 in this section before it was amended in 1913 was in this language: "Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title." This exception, since the amendment thereto in 1913, is No. 2 and is in the following language: "General taxes, for the current or fiscal year in which certificate is issued, and special taxes or assessments which have not been confirmed." Both appellant and appellee contend in their briefs and arguments, in substance, that under this section prior to its amendment the State and all cities and villages had a continuous lien for all taxes and special assessments confirmed for which a sale of the land had not been had at the date of the certificate of title and without making any steps whatever before the registrar, and that only owners of certificates of sale of lands bought at tax sales or after forfeiture of such lands were required to take steps before the registrar to es-

tablish and continue their lien. A consideration of the entire act makes it clear that such contentions are correct.

The appellant also makes the contention that since the amendment of section 40 in 1913 the village of Glencoe and all such municipalities, after a special tax or special assessment has been confirmed, must take similar steps before the registrar to perfect and have their lien therefor continued as is required of other persons obtaining judgments or orders of court in any of the courts of this State. This argument is offered as an additional reason for his claim that the memorials aforesaid created no lien and should be expunged from the record. Appellee also concurs in the argument that the village of Glencoe is required to take such steps to acquire a continuous lien, and that for that reason the memorials are properly on the record. We have already answered appellee's argument by holding that such memorials were unauthorized and void and had no tendency to create or extend any lien and should be expunged for this and other reasons.

It is further argued by appellee that said amendment does not require the village of Glencoe to take any steps to acquire and extend its lien for special assessments, and that if the law is held to be otherwise it would necessarily follow therefrom that the State would be required to take similar steps under the same section to establish and continue its lien for all general taxes except those for the current or fiscal year in which the certificate of title is issued. He then continues with an argument of much force that the latter interpretation of the statute would require enormous expense and delay to the State and to municipalities in the collection of taxes which are of the class known as inherent rights, and that the owners of title, except those seeking to avoid taxes by fraudulent conveyances, would not be benefited thereby after giving proper consideration to the additional burdens that would be cast upon them. This latter position of the appellee, even if accepted, only

furnishes a further argument that the memorials were not required to be entered and were therefore unauthorized by every reason and should be expunged for the reasons aforesaid. It is not our purpose, as already indicated, to further consider the correctness of the respective contentions of the parties to this suit as to whether or not the village of Glencoe was at any time required to take any steps before the registrar to establish or continue its lien for the assessments in question, our only purpose being to show that those questions are not material to the decision of this case. The village of Glencoe is not a party to this record, and we deem it improper to make any further decision on those questions until it has been fully heard upon the proposition.

Appellee makes the further point that his demurrer was properly sustained because the village of Glencoe was not made a party to this petition and because its rights are necessarily affected by any order or decree of court that may be entered in favor of appellant. As already shown, the right of the village of Glencoe or of the State is not necessarily affected and will not be affected by an order expunging the memorials. Besides, the only relief sought and properly obtainable under the petition is the mere cancellation of such notations which are unauthorized acts, the annulling of which will leave the record in the condition authorized by the statute. While the village of Glencoe may be a proper party to the record it is not a necessary party, and the petition was not demurrable for that reason. *Lawton* v. *Haas*, 293 Ill. 220.

The contention of appellee that the petition is fatally defective because it contained no allegation that the petitioner was a *bona fide* purchaser for value is without merit. Appellee transferred the title to him upon the showing made in his application therefor, and is not in a position now to question his right to have such transfer made for the purpose of excusing his unauthorized and illegal acts. As against him, in this proceeding it will be presumed that

appellant was entitled to have such transfer made and only proper and legal memorials noted on his certificate of title.

The remedy guaranteed to appellant under sections 93 and 94 of the act is not to be denied to him because of the provisions of section 101 thereof, which provide for reimbursement to any certificate holder if through any mistake of the registrar he has wrongfully noted or failed to note any tax, special assessment or forfeiture on the certificate of title, to the damage of such holder. That section was not intended to take away any rights provided for by proceedings under the other two sections.

The demurrer to the petition should have been overruled by the circuit court. The judgment of the court is therefore reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*