MABEL S. PURCHASE, Appellant, *vs.* THE VILLAGE OF DESPLAINES, Appellee.

*Opinion filed February 16, 1927—Rehearing denied April 6, 1927.*

1. REGISTRATION OF TITLE—*extent of jurisdiction of court under section 94 of Torrens act.* The jurisdiction of the court in a proceeding under section 94 of the act concerning land titles is limited to determining whether the registrar has performed the duties required of him under the act or whether he has taken steps with respect to the title which are not authorized by the act, and the court has no authority to review judgments entered in other separate and distinct proceedings.

2. SAME—*proceeding under section 94 of Torrens act cannot be substituted for ejectment or other possessory actions.* The proceeding under section 94 of the act concerning land titles is purely statutory and is not intended as a substitute for ejectment or other possessory actions at law or in equity.

3. SAME—*purpose of Torrens act.* The purpose of the act providing for the registration of land titles is to establish a system by which the title to a particular piece of land will be ascertainable by reference to a certificate issued by a government official, and the act does not purport to provide a summary method of placing the holder of the title in possession of his premises.

4. SAME—*judgment of confirmation in improvement proceeding cannot be attacked in proceeding under Torrens act.* A judg-

ment of confirmation of a special assessment in a proceeding under the Local Improvement act cannot be attacked collaterally in a proceeding under the Torrens act, concerning land titles, unless the court entering the judgment was without jurisdiction.

APPEAL from the Circuit Court of Cook county; the Hon. FRANCIS S. WILSON, Judge, presiding.

JOHN A. BROWN, for appellant.

DELBERT A. CLITHERO, and NING ELEY, for appellee.

Per CURIAM: Appellant, Mabel S. Purchase, filed her petition in the circuit court of Cook county against the village of Desplaines and Joseph F. Haas, registrar of titles of Cook county, praying that the court enter an order directing the registrar to remove from her certificate of title a memorial concerning special assessment warrant No. 77 of said village for paving streets upon which the property in question abuts, and praying for a writ of assistance directing the sheriff of Cook county to oust the village of Desplaines from the premises and to place the petitioner in possession of every portion thereof. The petition alleges that the lot in question is registered in her name free and clear of encumbrances except building restrictions, special assessment warrant No. 77 and general taxes; that the improvement for which the special assessment was levied includes the paving with concrete of Soo avenue and Arthington avenue, upon which her lot abuts; that the assessment roll was confirmed on the petition of the village of Desplaines on July 16, 1922, and that the pavement has been laid since said confirmation. The petition further alleges that the village has laid the pavement upon a portion of the property in question and that it has taken no steps to legally appropriate this property to its use. There is a further allegation that the paving is not a benefit to the property assessed but that it renders it unsalable and unfit for improvement. The demurrer to the petition filed by

the village of Desplaines was sustained and the petition dismissed. This appeal followed.

The solicitor for appellant relies on section 94 of the act concerning land titles as authority for the filing of the petition. This section provides: "Any person feeling himself aggrieved by the action of the registrar, or by his refusal to act in any matter pertaining to the first registration of land, or any estate or interest therein, after the first registration of any transfer of or charge upon the same, the filing or neglect or refusal to file any instrument, or to enter or cancel any memorial or notation, or to do any other thing required of him by this act, may file his petition in the circuit court in the proceeding in which the land was registered, making the registrar and other persons, whose interest may be affected, parties defendant, and the court may proceed therein and make such order or decree as shall be according to equity in the premises and the purport of this act." (Smith's Stat. 1925, p. 632.)

The act in its various sections specifies the duties of the registrar, and the purpose of section 94 is to provide for the holder of a certificate of title a convenient method for reviewing by judicial proceeding the acts of the registrar with respect to the certificate. The jurisdiction of the court is limited, under this proceeding, to determining whether the registrar has performed the duties required of him under the act or whether he has taken steps with respect to the title which are not authorized by the act. In a proceeding under this section to compel the registrar to file a tax deed and enter a memorial thereof on the certificate of title, this court held that the proceeding was one merely to compel the performance of a ministerial duty and not one to adjudicate anything concerning the title. (*Lawton* v. *Haas*, 293 Ill. 220.) Where, in a proceeding under section 94, the registrar was directed to cancel notations of delinquent special assessments voluntarily placed by him as memorials on the certificate of title, it was held

that the only relief properly obtainable under the petition was the mere cancellation of the notations and that there was no adjudication of other matters respecting the liens. (*Curtis* v. *Haas,* 298 Ill. 485.) The proceeding under section 94 is purely statutory and was not intended as a substitute for or to supersede other actions at law or in equity. *Krutz* v. *Dodge,* 66 Wash. 178, 119 Pac. 188; *Reed* v. *Siddall,* 94 Minn. 216, 102 N. W. 453.

Appellant contends that by its demurrer the village of Desplaines admitted that it laid the pavement on a portion of the lot in question. If for the purposes of this opinion this be conceded, appellant would not be entitled to a writ of assistance to oust the village and place her in possession. The purpose of the act providing for the registration of land titles is to establish a system by which the title to a particular piece of land will be ascertainable by reference to a certificate issued by a government official, (*In re Bickel,* 301 Ill. 484,) but the act does not purport to provide a summary method of placing the holder of the title in possession of his premises. The remedy provided by the act is not a substitute for an action of ejectment or other possessory actions. *Peters* v. *City of Duluth,* 119 Minn. 96, 41 L. R. A. (n. s.) 1044.

Under a petition under section 94 the circuit court does not have authority to review judgments entered in other separate and distinct proceedings. The special assessment against the property in question was confirmed in a proceeding under the Local Improvement act, and the judgment entered in that proceeding cannot be attacked collaterally in this proceeding unless the court entering the judgment was without jurisdiction. (*Matthews* v. *Doner,* 292 Ill. 592; *People* v. *Culver,* 281 id. 401.) There is no suggestion in the petition filed that the judgment in the local improvement proceeding is void.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*