ELIPHALET J. FOSS *vs.* ZACCHEUS R. ATKINS & others.

Barnstable.    December 7, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Land Court,* Jurisdiction, Amendment of petition, Decree, Withdrawal of petition.

The Land Court in the matter of a petition for the registration of the title to cer-
tain land has no power to allow a motion of the respondent to amend the peti-
tion by substituting his name as the petitioner for the registration of the title
to a part of the land described in the original petition; and therefore a decree,
which was entered as to such part of the land described in the original petition
after the allowance of such an amendment, no decree being entered as to the re-
maining land, and which declared the respondent to be the owner of such land,
was wholly beyond the jurisdiction of the court and is void.

After the trial upon a petition for the registration of the title to certain land, the
judge of the Land Court filed a decision that the petitioner had title to a part of
the land described in the petition and the respondent to the rest and thereupon
on motion of the respondent substituted him for the petitioner as to that part of
the land described in the original petition which he found to be the respondent's,
and made a decree which, without dealing at all with the land which he had
found to be the petitioner's, declared the respondent to be the owner of the land
described in the amendment and ordered that his title thereto be registered.
Thereafter the petitioner under R. L. c. 128, § 36, filed a motion to withdraw his
application for registration upon such terms as the court might fix, which mo-
tion the judge disallowed with the indorsement, "a final decree having been
entered"; and the petitioner alleged exceptions. *Held,* that no final decree had
been entered, the decree that had been entered being void; and therefore that
the petitioner's motion should have been allowed.

The denial of a motion of one, who has petitioned in the Land Court for the regis-
tration of his title to certain land, that his petition be dismissed so far as it ap-
plies to a part of the land described in the petition to which the judge has found
that he had no title, is within the discretion of the judge, although the petitioner
would have a right to have his petition dismissed as to the whole tract upon
terms.

*It seems* that when one, who has applied in the Land Court for the registration of
his title to certain land, files, after the court has found that he has not a title
proper for registration, a motion that his application be dismissed without preju-
dice, such motion should be passed upon and disposed of before any further
action is taken respecting the application.

RUGG, J.    The petitioner duly filed * a petition for registra-
tion of the title to a certain tract of land in Provincetown.    The
judge of the Land Court on February 16, 1906, filed a decision
in which he found that the petitioner had title to a part of the

* On April 27, 1904.

land, and the respondents to the rest. An appeal from this decision to the Superior Court was dismissed because the issues were not properly framed. 193 Mass. 486. On January 21, 1907, the petitioner filed a motion to dismiss his petition without prejudice, apparently under the first sentence of § 36 of R. L. c. 128. This motion, although set down for a hearing, was continued generally at the petitioner's request, and never has been acted on. Notwithstanding its pendency, the Land Court allowed the respondents' motion * for substituting themselves as petitioners for registration as to so much of the land as was by the decision of February 16, 1906, found to belong to them, and a decree, declaring them to be owners of this part and that their title thereto be registered, was entered on March 11, 1907. Appeal from this action to the Superior Court was held not well taken and exceptions saved during trial there were overruled in 201 Mass. 158. The rescript of that decision was on February 25, 1909. On March 16, 1909, a memorandum of disposal and certified copy of decree were sent by the Land Court to the assistant recorder at Barnstable, who on March 17, 1909, transcribed it in the registration book, and issued duplicate certificate to the respondents as owners as required in R. L. c. 128, § 40. On March 22, 1909, the petitioner filed a motion to withdraw his application for registration upon such terms as the court might fix, under the second sentence of § 36 of R. L. c. 128. This was by the Land Court disallowed with the indorsement, " a final decree having been entered." The petitioner excepted. The only decree, which has been entered in the Land Court, is the one registering in the respondents the title to the portion of the tract described in the petition, which was found by the decision of the judge of the Land Court to belong to them. There has been no decree respecting the title to the land found by that decision to belong to the petitioner. That subject matter appears to be still pending before the Land Court. The only ground upon which it can be claimed that a final decree had been entered in the Land Court is that the respondents' motion for substitution, which was in form a motion to amend the petition by substi-

---

* This motion was filed on November 20, 1905, and allowed on February 7, 1907.

tuting their own names " as the persons in whose names a por-
tion of the land described in said petition is to be registered "
furnishes a proper basis for such a decree. It was said by way
of precaution and *dictum* in 201 Mass. 158, at 162, 163, because
the question was not then before the court, that such an amend-
ment and substitution was beyond the authority of the Land
Court. The point is now raised whether a decree having no
other support than such an amendment is valid. What was
said in that case is made the ground of this decision. There is
no principle of " procedure or practice either in personal actions
or in proceedings *in rem* nor . . . any provision in R. L. c. 128,
which authorizes the Land Court to allow an amendment by
which the respondent becomes the petitioner and the petitioner
the respondent. If the " respondents " had wished to become "
petitioners they " should have brought " their " own petition."
The only decree, therefore, which has been entered is one based
wholly upon a pleading which not merely ought not to have been
allowed, but which brought before the court a subject which
could not under the law come before it in that proceeding. It
was not an incidental or collateral error in the progress of a
cause, which must be seasonably objected to in order to be cor-
rected. It was a fundamental procedure introducing an issue
calling for action affirmative in its nature alien to and incom-
patible with the pending petition. It brought in a subject be-
yond the jurisdiction of the Land Court under any petition
before it. This is not a decree combining matters partly within
the scope of the original petition and partly upon an amendment
which the court had no right to allow, but it is one having no
relation to any other subject than the extrajurisdictional one.
A decree thus wholly beyond the jurisdiction of the court is
void, and may be so treated by any party to the proceeding. It
follows that the withdrawal of the petition by the petitioner was
seasonably filed, and should have been allowed. *McQuesten* v.
*Commonwealth*, 198 Mass. 172. Although it was pointed out in
201 Mass. at page 161 that the simple and complete remedy of
the petitioner was by appeal directly from the Land Court to this
court, it was nevertheless possible to raise the question of law by
the more cumbersome method of exception. R. L. c. 128, § 13;
c. 173, § 106. *McCusker* v. *Geiger*, 195 Mass. 46.

The petition filed on November 16, 1909, by which the petitioner asked that his petition be dismissed so far as it applied to land to which the court found that the petitioner had no title, may properly have been denied within the discretion of the court. The right to have the petition dismissed is one which can be asked for as of right by the petitioner only when it relates to the entire tract described in the petition.

It may be noted that the motion for dismissal of the petition as a whole filed on January 21, 1907, should have been passed upon and disposed of before any further action was taken respecting the petition.

*Exceptions sustained.*

*P. M. Foss*, for the petitioner.

*G. A. King*, for the respondents, submitted a brief.