[No. 9916½.  Department Two.  December 6, 1911.]

HARRY KRUTZ, *Appellant*, v. F. L. DODGE *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—ESTOPPEL TO ALLEGE ERROR.  Where plaintiff, in
proceedings to register a title under the Torrens act, moved a dis-
missal without prejudice, which was granted except as to a specified
portion of the relief, on appeal by the plaintiff, error in denying
registration, which was unappealed from, cannot be reviewed.

RECORDS—REAL ESTATE—REGISTRATION UNDER TORRENS ACT—PRO-
CEEDINGS—RIGHT TO DISMISSAL.  The superior court has no juris-
diction to try out conflicting titles and refuse the applicant a dis-
missal without prejudice, in a special proceeding to register land
titles under the Torrens act, the act having provided (Rem. & Bal.
Code, § 8834) that the superior court shall dismiss the proceeding if
the title is not a proper one for registration which dismissal may
be without prejudice, and that the applicant may dismiss at any time
on terms fixed by the court, and Id., §§ 8809 and 8823, providing for
the registration only of such titles as are found to be in the appli-
cant, with admitted liens or outstanding interests, and that the
applicant proceeds at his peril if there are hostile or conflicting
interests.

APPEAL—REVIEW—PREJUDICIAL NATURE OF ERROR.  Error in re-
fusing a dismissal without prejudice as to all the lands sought to
be registered under the Torrens act cannot be said to be harmless

[1]Reported in 119 Pac. 188.

merely because the title to the land was not adjudicated, the statute requiring the court to enter a dismissal without prejudice when asked for.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 2, 1911, upon findings in favor of the interveners, dismissing a proceeding to register the title to land under the Torrens law. Reversed.

*Frank C. Park* (*H. D. Moore,* of counsel), for appellant.

*Fred H. Peterson, Philip D. Macbride,* and *John S. Jurey,* for respondents.

CHADWICK, J.—Plaintiff instituted a proceeding to register his title to certain property under the Torrens law. Defendants Humphrey and wife and Anna F. Doran intervened, claiming that a certain strip of ground, ten feet wide and a part of the land declared by plaintiff to be his own, had become, by common user and implied dedication, a public thoroughfare, and that the remainder of the block, in which the property of all the parties hereto except the city of Seattle was situate, had been conveyed by the common grantor with reference to the ten-foot strip, which he had intended to be an alley; and they made prayer accordingly. The defendant city answered, setting up certain local assessments upon the land in controversy, and asking that they be declared liens upon it. Issue being joined and trial had, the case was taken under advisement, and the trial judge having intimated that he would find for the interveners, plaintiff moved a dismissal of this proceeding, which was granted. Thereafter interveners moved a vacation of the order of dismissal, upon the ground that no notice had been given of the previous order. Thereafter plaintiff moved that the court make an order registering his title to all the land described. This motion was denied; whereupon plaintiff moved for a dismissal of his proceeding without prejudice and with costs to the interveners. This being denied, the court, upon

interveners' motion, dismissed the proceeding, finding, however, that the ten-foot strip was in fact an alley, and as to it the order of dismissal was with prejudice. From this order, an appeal is prosecuted.

Whether appellant was entitled to have his title registered, we will not now inquire, as an order denying his application was not appealed from, but was followed by a motion to dismiss generally. Appellant has thus fixed his status, and the only question left open is, whether the court could qualify its judgment of dismissal by barring a further proceeding at law or in equity as to the ten-foot strip.

The Torrens act makes provision for a special proceeding, and while there can be no doubt of the position taken by respondents that the superior court is one of general jurisdiction, and that its judgments duly rendered upon matters properly before it are conclusive, it does not follow, as is contended by them, that the court is given full power and jurisdiction to hear and determine all matters which may arise upon an application for registry of land titles under the Torrens law. It is true, as stated, that the act provides (Rem. & Bal. Code, § 8813), that the application shall be made to the superior court of the state of Washington. But the court is not thus given power to go beyond the terms or necessary intendments of the act it is called upon to administer. In a special proceeding, it being within the power of the legislature to limit the jurisdiction of the court, the bounds of the court's jurisdiction are to be found in the limitations of the act under which its jurisdiction is invoked. The legislature might have provided for a determination of conflicting interests if it had been so inclined. But it did not do so. On the contrary, after providing an elaborate procedure, it is provided:

"If, in any case, after hearing, the court finds that the applicant has not title proper for registration, a decree shall be entered dismissing the application, and such decree may be ordered to be without prejudice. The applicant may dis-

miss his application at any time, before the final decree, upon such terms as may be fixed by the court, and upon motion to dismiss duly made by the court." Rem. & Bal. Code, § 8834.

It would seem that this statute needs no construction. It says that the court shall, if for any reason the title is not a proper one for registration, dismiss the proceeding; and also gives an absolute right to the appellant to dismiss upon terms. What may be a title proper for certification is made plain by reference to §§ 8809 and 8823, Rem. & Bal. Code, both of which tend to show that it was the intent of the act to provide for the registration of only such titles as were found to be in the applicant, with such liens or outstanding interests as he was willing to admit; and if there was a hostile or conflicting interest, the title would not be certified forthwith, although the appellant could proceed at his peril, and upon the hearing show that the apparently adverse interests were not in fact real, or he might take his discharge and clear his title in an independent action. It is clear that the legislature did not intend that existing remedies at law and equity should be superseded. Otherwise the section quoted or referred to and a provision for discharge are but idle formulae.

Under a statute identical in terms the supreme court of Colorado held that no affirmative relief would be granted to a defendant in a proceeding under the Torrens act.

"The further contention is that the act is not due process of law in that it fails to provide for an affirmative judgment in favor of a defendant, the only decree permissible being one of dismissal in case the court, after hearing, finds that the applicant has not title proper for registration. The act does accord to all persons equal rights and privileges. Any one desiring to avail himself of its terms can do so by filing his application, and can obtain the registration of his title by complying with the requirements of the statute. Although the legislature has seen fit to allow affirmative relief only to the applicant who initiates the proceeding, this does not render the proceeding objectionable for the reason as-

signed.   The right to a particular remedy is not a vested right.   Every state has complete control over the remedies which it offers to suitors in its courts.—Cooley's Const. Lim. 515." *People ex rel. Smith v. Crissman*, 41 Colo. 450, 92 Pac. 949.

So, in *McQuesten v. Commonwealth*, 198 Mass. 172, 83 N. E. 1037, it was held:·

"It is plain that in this enactment [Idem, § 8834, Rem. & Bal. Code] the legislature did not adopt or intend to adopt either the rule of the common law or that which obtains in equity. . . .   The view taken of an application for registration and confirmation of title . . . which led to an absolute right of withdrawal before final decree, . . . appears to be this: Such an application is not, primarily at any rate, the beginning of a controversy between party and party.   If such an application is filed, a controversy may and in many cases will result.   But the primary object of such an application is to get a certificate of title to the petioner's land which has the attributes in substance, for practical purposes, of a certificate of title to a share in the capital stock of a corporation.   And, treating the application as an application to bring the locus within the new system, if, at any time before the land has been brought within the operation of it, the petitioner changes his mind and on the whole concludes that he prefers to leave his title as it was before the Torrens system was adopted, he shall be at liberty to do so."

See, also, *Foss v. Atkins*, 201 Mass. 158, 87 N. E. 189; *Id.*, 204 Mass. 337, 90 N. E. 578.

But it is said that, under the Massachusetts law, the title is not determined by a court of general jurisdiction, but by a land board exercising no juridical functions.   This may be admitted, but it does not destroy the reasoning upon which the decisions are made to rest; that is, that the procedure is a voluntary one and its limitations, as well as the power of the tribunal administering it, are to be found in the act itself and not by reference to the general rules of law.   Nor can we agree with the contention that the provision of the law providing for a dismissal without prejudice implies that it

may be with prejudice when a motion for voluntary dismissal is made, nor that the right to impose terms implies a right to fix a condition. By the last clause of the statute, § 8834, the absolute right of dismissal is reserved to the applicant. Had it been the intent of the law makers to provide for a voluntary dismissal, with or without prejudice, we may assume that, having used the word with reference to dismissal by the court, the legislature would have done likewise when providing for a dismissal on motion of the party. It did not do so, but used the word "terms." This word has a meaning which is generally accepted when used in connection with judgments and judicial proceedings. It is that the court may impose such penalty as will save the opposing party harmless from pecuniary loss, and which can be satisfied by the payment of a fixed sum of money.

Finally, it is contended that no prejudice has resulted to appellant because the decree as entered does not deny appellant's title in the alley. This may be technically true, but appellant is entitled to an order of dismissal under the statute, and is not to be compelled to take a measure of relief less than it affords, which is a dismissal as to all the land described. It is not merely a question of dismissal, but a question of power in the court. There is more or less difference in the Torrens acts as adopted in the several states. Where, as in Illinois, no provision is made for a voluntary dismissal, but the court is put to a final determination of the issue, it has been held that the court may grant relief as to such portion of the land as the evidence shows the title in fee to be in the applicant, and deny it as to the remainder. *Glos v. Holberg*, 220 Ill. 167, 77 N. E. 80. But our law was drawn upon a different theory.

For these reasons, the judgment of the lower court is reversed, and the cause remanded with instructions to enter an order of dismissal.

Dunbar, C. J., Ellis, Crow, and Morris, JJ., concur.