## ROBERT SEEGER v. MARGARET YOUNG and Others.[1]

December 4, 1914.

Nos. 18,777—(30).

**Pendency of prior action — findings.**
    1. Evidence in an action to determine adverse claims to real property, wherein defendant pleaded in abatement the pendency of a prior proceeding by her to register her title, in which plaintiff in the action was made a defendant and answered claiming title, considered and *held* to sustain findings that the prior proceeding was instituted and still pending.

**Same.**
    2. The action and the proceeding were within the rule of abatement for another suit pending.

**Same.**
    3. The trial court did not err in applying the rule and abating the action.

Action in the district court for Ramsey county to determine adverse claims. The case was tried before Kelly, J., who made findings and ordered that the action be dismissed because of the pendency

1 Reported in 149 N. W. 735.

of a former action. From the judgment of dismissal, entered pursuant to the order, plaintiff appealed. Affirmed.

*William G. White,* for appellant.

*William W. Fry,* for respondent.

PHILIP E. BROWN, J.

Action to determine adverse claims to four lots in St. Paul. Defendant Young answered, setting up the pendency of a former action for the same cause, and alleging ownership in herself. The trial court sustained the defense of former action pending, and dismissed the case. Plaintiff moved for findings on the merits. The motion was denied, and judgment of dismissal entered. Plaintiff appealed.

Plaintiff contends: (1) That there was no evidence to sustain the finding that the former action, which was a proceeding by Young to register her title under the Torrens Act, was ever instituted; (2) that the evidence did not show that the proceeding was still pending; (3) that the pendency of a registration proceeding does not in any event operate to abate a subsequent action by a party thereto to determine adverse claims.

The facts necessary to an understanding of the points involved are as follows: The present action was commenced July 12, 1913. On the trial plaintiff introduced evidence making a *prima facie* case of title in himself. Defendant offered no evidence tending to show any title, but did offer in evidence "No. 1122 of the registration files of this (district) court, being the application of Margaret Young to register the title to the lots in question." There was an objection on the ground that the offered evidence did not show another action pending between the same parties. Upon an examination of the files offered it appeared that the application was filed October 25, 1910, that the proceeding was referred to the examiner of titles, who reported that the title of the applicant was proper for registration and recommended that Robert Seeger, plaintiff herein, and certain others be made parties. A petition for summons and an order directing the issuance of the same, dated November 29, 1910, appeared in the files, all in due form. There also appeared an answer of Robert Seeger filed May 12, 1913, in

127 M.—27.

which he alleged that he was the owner in fee of the lots and prayed judgment to that effect. No summons was found among the papers in the file offered. Objection was made on this ground, but the record was received as a whole. The case was taken under advisement by the court; and a day or two thereafter defendant's counsel handed the trial judge the summons in the registration proceeding, which was regular in form and appeared to have been issued November 29, 1910, received by the sheriff for service April 15, 1913, and filed with the clerk April 23, 1913. The trial court found as facts that the summons was so issued and received by the sheriff for service, and that it was served on one of the parties named as defendant, and as to the others, including Seeger, that the sheriff certified and returned that he was unable to find said defendants in his county. The court found further that the registration proceeding was pending and undetermined.

1. Plaintiff's first claim, that the evidence does not show that the registration proceeding was ever instituted, cannot be sustained. The reception by the court of the land title summons after the case had been submitted was irregular and not to be commended, but this irregularity does not, under the circumstances, call for a reversal, though the issuance and service of the summons constituted the only evidence of the commencement of the proceeding. Robert Seeger, plaintiff in this action, answered in the Torrens proceeding. He appeared generally and the jurisdiction of the court over him was complete. He joined issue with the applicant on the question of title, and asked the court to determine the issue in his favor. The proceeding was clearly pending at that time.

2. We are unable to hold that the finding that the proceeding was still pending and undetermined is not sustained by the evidence. No judgment appeared in the files, nor any order of dismissal or other evidence that the proceeding had been determined or dismissed. It was clearly pending when Seeger's answer was filed in May, 1913, and in the absence of evidence to the contrary it should be considered as still pending a few months later. See G. S. 1913, § 7707. An action is commenced in this state as to each defendant when a summons is served upon him, or when he appears without service, and

is deemed pending until its final determination. Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. 661; H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974. Plaintiff relies on Phelps v. Winona & St. Peter R. Co. 37 Minn. 485, 35 N. W. 273, 5 Am. St. 867, to sustain his contention that the finding that the proceeding was still pending has no evidence to support it. In that case the former action had been dismissed by the plaintiff, and while Mr. Justice Mitchell does say that proof that the action had been commenced was insufficient to prove it was still pending, the statement was in no way necessary to the decision and is not in harmony with the statute and other decisions referred to. It is true that the effective part of a plea of former action pending is that the action is still pending, and this must be proved; but we know of no rule which makes direct evidence of the fact necessary. Nor do we see why the presumption arising as to the continuation of a state of things shown once to have existed is not to have some weight under circumstances of this kind.

3. This brings us to the question whether a party defendant to a Torrens proceeding, who has set up title in himself, may, during the pendency of that proceeding, maintain an action to determine the adverse claim of the applicant and to have his own title adjudicated, without the action being subject to abatement because of the pendency of the registration proceeding.

In Merriam v. Baker, 9 Minn. 28, 31 (40), this court expounded the principle underlying the rule of abatement for another suit pending as follows:

"The great end to be subserved by the rule which recognizes the plea of another action pending between the same parties, for the same cause of action, as a good defense, is to prevent a party from being harrassed by a multiplicity of suits for the same cause of action, and that he may not be compelled to maintain the issues on his part in any action so long as they are in possession of another tribunal competent to determine such issues, where they may be disposed of. We believe the true test in such cases (where there is no question as to the identity of the issues involved) is the existence of such an action in any court or tribunal having jurisdiction

of the subject-matter of the controversy; and that the plea is maintained if such court or other tribunal have authority to entertain such a cause of action."

In full accord with the above the rule itself was declared in Disbrow Mnfg. Co. v. Creamery Package Mnfg. Co. 115 Minn. 434, 132 N. W. 913:

"But the ultimate inquiry," said the present Chief Justice, at page 437, after alluding to lack of harmony in the authorities, "seems to be whether a judgment in the first, if one be rendered, would be conclusive upon the parties, in respect to the matters involved in the second action. If so, a plea in abatement should be sustained."

And again, at page 438:

"Whether it comes within the language of the rule in such cases as technically expressed in the books, the fact that a recovery in the former suit will finally determine the principal issue in both actions, the present action should be abated. * * * It is not essential that the same specific relief be demanded in each action. It is sufficient that the subject-matter of the actions are the same."

With this authoritative declaration of the rule and the comprehensive statement of its basic principle, we need only to analyze the proceeding and the action here involved in order to determine the point in controversy. The purpose of the Torrens Act is to provide a speedy and summary remedy to settle the title to land (Reed v. Siddall, 94 Minn. 216, 102 N. W. 453; Peters v. City of Duluth, 119 Minn. 96, 106, 137 N. W. 390, 41 L.R.A.[N.S.] 1044); the adverse claims statute has the same object (Dunnell, Minn. Pl. § 898), and, though the former is more comprehensive in some respects, the general rules of procedure apply in both (Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903), and, as between applicant and any defendant who subsequently brings action against him to determine the adverse claim of the former against the latter, the issues are identical. Hence a judgment registering applicant's title, if such should be rendered, would unquestionably "be conclusive upon the parties, in respect to the matters involved in the second action;" and this, regardless of the reversal of the position of the parties in the latter (Disbrow Mnfg. Co. v. Creamery Package Mnfg. Co.

supra); for the court in the registration proceeding not only has authority to adjudicate the issues (Hendricks v. Hess, 112 Minn. 252, 255, 127 N. W. 995; Peters v. City of Duluth, supra), but is required to do so, as in civil actions, before awarding applicant relief. Owsley v. Johnson, supra. The only doubt, therefore, which can be suggested as to the applicability of the rule of abatement as between the proceeding and the action, must inhere in the nature of the judgment or decree which the court must render where applicant fails to establish title, the court having no power in such case to decree title in defendant or to order such title registered, but only to dismiss the application. G. S. 1913, § 6888. In this connection, however, it must be remembered that the applicability of the rule under consideration turns upon the effect of a judgment in the first action, *"if one be rendered,"* without regard to the contingencies consequent upon a possible dismissal. And from this it follows that, except upon the hypothesis of a defendant's prevailing upon an issue of title set up by him, a registration proceeding is not, by section 6888, or otherwise, differentiated with respect to dismissal from any ordinary action, in which both the court and plaintiff have the power to dismiss. G. S. 1913, § 7825. But plaintiff insists that the rule of abatement does not apply, because though he should prevail in the registration proceeding he would be dismissed therefrom without relief, whereas in his present action he may have a decree establishing his title as against defendant therein. Section 6888 reads:

"If the court shall find after hearing that the applicant has not a title proper for registration, an order shall be entered dismissing the application which may be made without prejudice. The applicant may upon motion dismiss the application at any time before the final decree is entered upon such terms as shall be fixed by the court."

Undoubtedly, under this section, the court may, in a proper case, dismiss or allow dismissal without prejudice, as in any other action, and must, furthermore, dismiss where applicant fails to establish title, whether because a defendant has established title in himself or otherwise; but what court would, after trial on the merits of a

defendant's claim of title, fail to make findings according to the facts proved? Indeed, failure to make such findings to a defendant's prejudice would be reversible error. Owsley v. Johnson, supra, 170. And these, if in defendant's favor, would estop applicant in any subsequent proceeding between the parties involving the same subject matter (2 Dunnell, Minn. Dig. § 5162), the judgment of dismissal which would be entered thereon being sufficient to satisfy the requirements of the rule, stated in Child v. Morgan, 51 Minn. 116, 121, 52 N. W. 1127, that findings, in order to operate by way of estoppel, must be carried into judgment. In short, where the defendant establishes title the court must so find, and thereupon dismiss, not without prejudice as between applicant and such defendant but absolutely. Hence the defendant in a registration proceeding may have all the relief usually available in an action to determine adverse claims wherein he is plaintiff (see Sache v. Wallace, 101 Minn. 169, 170, 178, 112 N. W. 386, 11 L.R.A.[N.S.] 803, 118 Am. St. 612, 11 Ann. Cas. 349), and all demanded by the complaint in the present action, which is in the usual form. The proceeding and the action here involved, therefore, are squarely within the principle and rule first above stated. Furthermore, the action was subject to abatement under any and all the tests which might be applied; for the same evidence would sustain or defeat the title asserted in both it and the former proceeding, as full and as adequate relief is obtainable in the one as in the other, so far as the present plaintiff is concerned, and the determination of the merits in the former would conclude the parties in the second.

This conclusion, however, does not determine the appeal, for we must still inquire whether the court erred in applying the rule under the particular circumstances of the case. As we have seen, the reason of the rule is prevention of vexatious litigation. 1 R. C. L. p. 10, § 1. Hence the rule itself "is not one of unbending rigor or of universal application, nor is it a principle of absolute law," but is "rather a rule of justice and equity, generally applicable, and always so where the two suits are virtually alike and in the same jurisdiction." 1 Cyc. 22. Moreover, the pendency of the

former action being merely matter of abatement and not in bar (Stephens v. Monongahela Nat. Bank, 111 U. S. 197, 4 Sup. Ct. 336, 28 L. ed. 399; Hurst v. Everett [C. C.] 21 Fed. 218), the rule in relation thereto is one of procedure and policy, and in modern practice the court will inquire into the circumstances in order to determine, as a question of fact, whether the second action should be abated as vexatious. Note 84 Am. Dec. 453. But we have already seen that plaintiff's action was not necessary, at least in the absence of special circumstances not here disclosed; and where, as here it appears, the trial court has given the matter of vexatiousness careful attention, its determination should not be disturbed except for cogent reasons. A pertinent inquiry, and one difficult to answer consistently with any theory favorable to plaintiff, is: Why did he bring this second action? The inconvenience, evils and emasculation of the registration act which would result from permitting the proceeding and the action to run along together before the same or separate courts are apparent. If it had appeared that the second action was essential to conserve any right or remedy claimed by plaintiff, as ejectment, or for foreclosure of a mortgage or lien, the reason of the rule thus ceasing, the court would have had power to refuse to apply it or else limit its application according to the necessity, at the same time protecting applicant in the registration proceeding by any proper order of stay or continuance in the action. But no such considerations were presented or invoked. If any such had appeared, as, for further example, the running of the statute of limitations against plaintiff's title, and the trial court had abused its discretion in the premises, its action would have been reviewable by this court. Furthermore, in the example stated, plaintiff would have ample remedy under G. S. 1913, § 7825, to expedite the trial of the issues in the registration proceeding, and, if this were not effective to save his right from the bar of the statute, he would still be protected, insofar as he was prevented by the registration proceeding from asserting it in such manner as to save it, by the rule that where one is prevented from exercising his remedy by some paramount authority the statute of limitations is tolled *pro tanto*.

See St. Paul, M. & M. Ry. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 Am. St. 693; Sage v. Rudnick, 91 Minn. 325, 98 N. W. 89, 100 N. W. 106.

We hold that the court did not err in abating the action.

Judgment affirmed.

BROWN, C. J.

BUNN, J.

We concur in the views expressed in the opinion save the conclusion that the action to determine adverse claims should be abated.

Our view of the question is that full and adequate relief cannot be granted a defendant in the Torrens proceeding, and he should not therefore be barred from the right to institute an independent action to determine his title to the property. No judgment affirming title in a defendant can be rendered in that proceeding, and for this reason the remedy is not full and complete. While it is true as stated in the opinion that findings should be made in the Torrens proceeding which, if to the effect that a defendant owns the property, would estop the applicant in another action, or subsequent Torrens proceeding, the defendant in whose favor such finding is made is not entitled to judgment thereon, and, to give effect to the findings, and the resulting estoppel, he must bring a subsequent action in which such judgment may be rendered. He is entitled to a final judgment but cannot get it in the Torrens proceeding. That proceeding should not therefore be held a bar to the second action in which the relief may be granted. Koch v. Peters, 97 Wis. 492, 73 N. W. 25; Carr v. Lyle, 126 Mich. 655, 86 N. W. 145; Reis v. Applebaum, 170 Mich. 506, 136 N. W. 393; Pratt v. Howard, 109 Iowa, 504, 80 N. W. 546. The proper practice in such case would seem a stay of the second action until the final determination of the Torrens proceeding, and not an absolute abatement.