DAVID L. HILLER v. J. W. SMITH AND OTHERS.
MICHAEL FERCH, APPELLANT.[1]

March 29, 1934.

Nos. 29,635, 29,754.

*Erland Lind,* for appellant.
*C. H. Hubbell* and *Frank E. Clinite,* for respondent.

*LORING, Justice.*

David L. Hiller held a quitclaim deed to the premises in question and in 1931 filed his application to register the title under the Torrens act. The application was referred by the court to the examiner of titles for Hennepin county, as referee, as a default matter, but before the referee's report was filed defendant answered, setting up a contract for deed to the same premises in which Hiller's grantor, one Hodge, was the vendor and appellant the vendee. Applicant had previously in 1926 been the owner of the property in question under a conveyance from Hodge, subject to the appellant's contract

[1]Reported in 253 N. W. 773.

and a mortgage. April 14, 1928, applicant served notice of cancelation of the contract on appellant, and appellant tendered payment of the amount due on the contract, which was refused. Later the mortgage on the property was purchased by Hiller's brother-in-law and foreclosed. The assignee of the mortgage bid in the property at the foreclosure sale and after the redemption period had expired conveyed by quitclaim deed to applicant.

The matter was heard by the referee, and his report, when filed, held that the land in question was still subject to the appellant's contract for deed as against this applicant. December 13, 1932, appellant served notice on the applicant that he would apply to the court for an order confirming and approving the report of the referee and for an order that would register the title to the property subject to appellant's contract for deed. Two days before the date set for hearing of this motion applicant obtained from the district court an order dismissing the entire registration proceeding. The order was later vacated, without prejudice to the applicant to renew, because of failure of the applicant to serve upon appellant notice of the motion to dismiss. Applicant later renewed his motion to dismiss and at the same time appellant moved that the report of the referee be confirmed and approved. The motions were heard together, and the court entered orders dismissing the registration proceeding and denying appellant's motion. From these orders appellant takes this appeal.

Appellant contends that the general statute governing dismissals, 2 Mason Minn. St. 1927, § 9322, applies to the case at bar since affirmative relief has been demanded by an answering defendant. Applicant contends that 2 Mason Minn. St. 1927, § 8267, applies. It provides:

"The applicant may upon motion dismiss the application at any time before the final decree is entered upon such terms as shall be fixed by the court."

The quoted section is contained in 2 Mason Minn. St. 1927, c. 65, governing the registration of titles under the Torrens act. The general rules that govern procedure in an ordinary civil action

apply to registration proceedings unless the statute provides otherwise. 5 Dunnell, Minn. Dig. (2 ed.) § 8356; Owsley v. Johnson, 95 Minn. 168, 103 N. W. 903. Had the legislature intended the general statute governing dismissals to apply to dismissals of this character under registration proceedings, it would not have incorporated this provision in § 8267 of the Torrens act. When an application of this kind is filed, a controversy may and often does arise. If the applicant prefers to leave his title as it was before the application for registration he may do so by dismissing the application. Krutz v. Dodge, 66 Wash. 178, 119 P. 188, Ann. Cas. 1913C, 869; McQuesten v. Commonwealth, 198 Mass. 172, 83 N. E. 1037.

Appellant relies on the case of Seeger v. Young, 127 Minn. 416, 421-422, 149 N. W. 735. Since under 2 Mason Minn. St. 1927, § 8266, the court may, after the filing of the report of the referee, "order such other or further hearing of the cause before the court, or before the examiner, and may require such other or further proof by either or any of the parties to the cause as it shall deem proper," the proceedings in the case at bar have not reached the point where it would be reversible error not to make findings as in the hypothetical case stated in the Seeger case.

Since the action is dismissed without prejudice to the appellant, he still has an adequate remedy to enforce performance of his contract.

Affirmed.