## MICHAEL FERCH v. OTTO E. HILLER AND OTHERS.[1]

March 28, 1941.

No. 32,611.

[1]Reported in 297 N. W. 102.

4

See 191 Minn. 272, 253 N. W. 773.

*Thompson, Hessian & Fletcher* and *Byron W. McCullagh,* for appellant.

*Frank E. Clinite* and *Franklin F. Ellsworth,* for respondent Otto E. Hiller.

PETERSON, JUSTICE.

This litigation involves the ownership of the proceeds of the sale of certain land. Plaintiff claims as the purchaser under a contract for deed from one Hodge. Defendant Otto E. Hiller as

the administrator of the estate of David L. Hiller asserts title in fee simple under deeds of conveyance from prior owners. Defendant Degnan is the assignee of the defendant Lundquist, whose claims are dependent on those of plaintiff. The parties transferred their rights in the land to the fund.

One Allen was the common source of title. In 1920 he mortgaged the premises to one Bicknell for $640. In 1921 he conveyed the land to Hodge subject to the Bicknell mortgage. On March 1, 1926, Hodge sold the premises to plaintiff subject to the Bicknell mortgage under the contract for deed for $1,500, payable $100 in cash and the balance of $1,400 on or before May 1, 1926. The contract provided that upon performance thereof the vendor would convey the premises to the vendee by a warranty deed.

On October 25, 1926, Hodge conveyed the premises to David L. Hiller by special warranty deed subject to the Bicknell mortgage and the Ferch contract for deed.

Otto E. Hiller, a relative of David L. Hiller, became the owner of the Bicknell mortgage in October, 1928. He foreclosed the mortgage and bid in the premises at the mortgage foreclosure sale on January 25, 1929. One Sherwood redeemed as a lienor. Otto E. Hiller acquired the lienor's interest as such redemptioner. Title vested in Otto E. Hiller under the foreclosure on January 25, 1930.

On November 6, 1929, David L. Hiller recovered a judgment by default in the municipal court of Minneapolis against Ferch for the restitution of the premises based on findings following the allegations of the complaint that he acquired title under the deed from Hodge, which was subject to the Bicknell mortgage and the Ferch contract for deed; that the Ferch contract for deed had been duly cancelled because of his default thereunder; that Ferch's entry was under the contract for deed but was without any right for the reason that the contract had been cancelled. Thereafter, Ferch moved the court for an order vacating and setting aside the judgment of November, 1929, upon the ground that the court was without jurisdiction for failure to serve the summons upon him.

On January 28, 1930, the court denied the motion. In May, 1930, after he had acquired title, Otto E. Hiller brought an unlawful detainer action in the municipal court of Minneapolis against Ferch to recover possession of the premises, claiming that Ferch had reëntered the premises by force, and recovered a judgment against him for restitution of the premises.

On September 30, 1930, Otto E. Hiller recovered judgment against Ferch and others that he was the owner in fee and entitled to immediate possession of said premises, and that Ferch and the other defendants had no estate or interest therein or lien thereon. This judgment was referred to as the Dickinson judgment, the case having been tried before Judge Dickinson.

In January, 1930, plaintiff brought an action against David L. Hiller, Otto E. Hiller, and Hodge in which he sought to have the record of the cancellation of the contract for deed and the mortgage foreclosure vacated and set aside and to specifically enforce the contract for deed. A copy of the complaint in that action was made part of Ferch's answer in the case tried before Judge Dickinson, in which all the issues between the parties were fully litigated. The action in which Ferch was plaintiff was never brought on for trial for the reason, as appears from the record, that there was nothing for him to try after the Dickinson judgment was rendered.

On December 10, 1930, Otto E. Hiller by quitclaim deed conveyed the premises to David L. Hiller, who remained in continuous possession of the same until his death on December 11, 1937.

After David L. Hiller received the deed from Otto, he commenced a proceeding to register the title to the premises under the Torrens system. Plaintiff interposed an answer asserting his rights under the contract for deed. After a hearing before the examiner of titles, the latter made a report to the court that the premises should be registered in the name of David L. Hiller, subject to the Ferch contract for deed. Ferch then served a notice for confirmation of the examiner's report. Hiller moved to dis-

miss the proceeding. Both motions were heard together. The court denied Ferch's motion to confirm the examiner's report and granted Hiller's motion to dismiss. We affirmed both orders in Hiller v. Smith, 191 Minn. 272, 253 N. W. 773.

In the present action Otto Hiller showed three separate cancellations by David Hiller of plaintiff's contract for deed. There was evidence to show that none of the cancellations became effective because of due tender of the amount required to reinstate the contract. Defendant Otto Hiller also set up the statute of limitations as a defense. The court below found that the contract had been duly cancelled and that the action was barred by the statute of limitations and ordered judgment for defendant Otto Hiller. The appeal is from the order denying plaintiff's alternative motion for amended findings of fact and conclusions of law or a new trial, which, as we have often said, brings up for review only that part of the order relating to the denial of a new trial.

Briefly, plaintiff's contentions are that the finding that the Ferch contract for deed was duly cancelled is not sustained by the evidence; that the action was not barred by the statute of limitations; and that the finding of the examiner of titles in the registration of title proceeding was *res judicata* that the Ferch contract for deed was still in effect. Plaintiff also contends that the conveyance by Otto to David "reinstated" all the rights which plaintiff had under the contract for deed prior to the mortgage foreclosure "and that David Hiller thereupon became obligated to perform the contract by making a conveyance" to him.

A judgment of restitution is conclusive not only of the right of possession but the facts upon which such right rested. Where the plaintiff claims title and right of possession as the owner and the defendant claims right of possession under a contract for deed which the owner claims was duly cancelled, a judgment of restitution based upon findings that the plaintiff is such owner and that defendant's contract has been duly cancelled is *res judicata* of those questions as between the parties. Herreid v. Deaver, 193

Minn. 618, 259 N. W. 189. Hence the judgment of restitution of the municipal court in the unlawful detainer action determined as between David L. Hiller and plaintiff that the latter's contract for deed was duly cancelled.

■ It is not clear whether Ferch's motion to vacate and set aside the restitution judgment was based upon the ground of failure to serve the summons upon him or insufficient service thereof. It makes no difference whether it was the one or the other. An order denying a motion by a defendant to vacate and set aside service of process upon him is *res judicata* on the question of jurisdiction and is not subject to collateral attack. Baldwin v. Iowa State T. M. Assn. 283 U. S. 522, 51 S. Ct. 517, 75 L. ed. 1244. The order denying Ferch's motion to vacate and set aside the restitution judgment for lack of jurisdiction upon the grounds of want of service or defective service of the summons is conclusive of that question.

■ In the case tried before Judge Dickinson, Otto E. Hiller asserted that he was the owner in fee and entitled to immediate possession. The present plaintiff there asserted a right to the property under his contract for deed. The rights of a vendee under a contract for deed may be determined in either an equitable action to remove a cloud or the statutory action to determine adverse claims. Union Central L. Ins. Co. v. Page, 190 Minn. 360, 251 N. W. 911. By the Dickinson judgment it was determined that Otto E. Hiller had a fee title and was entitled to immediate possession and that Ferch had no estate or interest therein or lien thereon. A judgment that a party has title as against the adverse claims of another is conclusive between them as to such question. Telford v. McGillis, 130 Minn. 397, 153 N. W. 758, Ann. Cas. 1916E, 157; White v. Hewitt, 119 Minn. 340, 138 N. W. 421; 2 Freeman, Judgments (5 ed.) §§ 874, 875.

■ Judgments bind privies as well as parties. Ingelson v. Olson, 199 Minn. 422, 272 N. W. 270, 110 A. L. R. 167. One who succeeds to an estate or interest in property stands in privity with

his predecessor in interest and is entitled to the benefits of and is bound by a final adjudication in favor of or against the latter concerning such estate or interest which was rendered while he owned the same. A grantee is in privity with his grantor within the rule. Lobnitz v. Fairchild, 186 Minn. 215, 243 N. W. 62; White v. Hewitt, 119 Minn. 340, 138 N. W. 421, *supra*. See Minnesota Debenture Co. v. Johnson, 96 Minn. 91, 104 N. W. 1149, 107 N. W. 740. So also is the personal representative in privity with his decedent in respect to property coming to him in his representative capacity. 1 Freeman, Judgments (5 ed.) § 492. See Bausman v. Eads, 46 Minn. 148, 48 N. W. 769, 24 A. S. R. 201; Beckman v. Beckman, 202 Minn. 328, 277 N. W. 355. Defendant Otto Hiller was entitled to assert that both the unlawful detainer judgment of the municipal court in favor of David L. Hiller against this plaintiff and the so-called Dickinson judgment of the district court are conclusive that plaintiff's contract for deed had been cancelled and that plaintiff had no rights thereunder either to the land or the fund which stands in its place.

■ The report of the examiner of titles was not *res judicata* in favor of plaintiff that the contract for deed was in full force and effect. We held in Hiller v. Smith, 191 Minn. 272, 253 N. W. 773, *supra,* that the dismissal of the registration proceedings permitted the applicant, David L. Hiller, to have his title just as it was prior to the filing of the application for registration without prejudice to plaintiff's rights, if any, under the contract for deed. Our decision is *res judicata* as to the effect of the dismissal. The doctrine of *res judicata* applies to judgments of appellate as well as those of trial courts. 34 C. J. p. 760, § 1172.

■ Plaintiff invokes in support of his contention that David L. Hiller became obligated to perform the contract for deed upon acquisition of Otto's title the rule of Sandwich Mfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379, that a grantor under a warranty deed is estopped by his covenants from asserting against his grantee a subsequently acquired title, with the consequence that such a

title inures to the benefit of the grantee and his assigns. We do not decide whether, absent a cancellation of the contract for deed, the rule invoked applies to a case like this. The basis of plaintiff's claimed right is the contract for deed. Since the contract for deed was duly cancelled, the basis for the claimed right was gone. Plaintiff had no rights under the contract to enforce. In this respect the instant case differs from Sandwich Mfg. Co. v. Zellmer, *supra*. There the covenants were in full force and effect at the time of the grantor's reacquisition of title and the commencement of suit. The distinction is that in the instant case there was no obligation to enforce and in the cited case there was. The vendee under a contract for deed which has been duly cancelled is not entitled to invoke estoppel against the grantee of his vendor as to a subsequently acquired title for lack of any right against him under the contract. The rule invoked does not help plaintiff.

Since the claims of the defendants Lundquist and Degnan must stand or fall with those of plaintiff, an affirmance as to him disposes of the case as to them.

Whether or not the action was barred by the statute of limitations is not important in view of the fact that defendant Hiller was entitled to judgment for the reasons already stated.

Affirmed.