IN RE APPLICATION TO REGISTER TITLE TO REAL ESTATE.

JANET M. MITCHELL v. CLARA W. BAZILLE AND OTHERS. CITY OF ST. PAUL AND ANOTHER, RESPONDENTS.[1]

January 28, 1944.

Nos. 33,453, 33,707.

[1]Reported in 13 N. W. (2d) 20.

*Edward A. Knapp,* for appellant.

*Harry W. Oehler,* Corporation Counsel, and *Ira Karon* and *Marshall F. Hurley,* Assistant Corporation Counsel, for City of St. Paul and Board of Water Commissioners of St. Paul, respondents.

PETERSON, JUSTICE.

This proceeding was brought under Minn. St. 1941, §§ 508.01 to 508.83 (Mason St. 1927, §§ 8247 to 8329, with the amendments thereto appearing in the 1940 and 1941 Supps.), to register title to four contiguous tracts of land. The applicant died during the pendency of the proceeding, and a substituted applicant was ap-

pointed in her stead. We shall refer to both of them indiscriminately as the applicant.

After trial, the court on March 18, 1938, filed a "Memorandum as to Findings to be Prepared and Presented by City of St. Paul" in which it stated that it "finds": (1) that the fee title to tracts I, II, and III is in the applicant; (2) that these tracts are subject to certain encumbrances and easements, among which are rights of the city to overflow and drainage from Lake Vadnais across parts of these lands to Lake Gervais and to maintain the level of Lake Vadnais at a specified level by means of a core wall located in and covered by a highway across the premises; and (3) that the fee title to tract IV is in the city. In the concluding paragraph it was provided that the city might present findings of fact and conclusions of law conforming to the memorandum after approval thereof as to form by the examiner of titles.

Applicant made a motion in the alternative for amended findings and conclusions of law or for a new trial, which was denied by an order filed May 4, 1938.

A motion for a new trial should be made after the court's formal decision—that is, after findings of fact and conclusions of law have been made and filed. Here, because the memorandum stated that the court found as indicated, counsel treated the memorandum as the decision. He had to determine at his peril whether the memorandum or the findings of fact and conclusions of law which were to be subsequently filed were intended by the court to be the real decision. That there was substantial basis for counsel's view appears from the memorandum made part of an order dated June 5, 1942, where the court stated that the issues between the parties "were litigated and resulted in a *determination* embodied in the written *decision of the court* filed herein on March 18, 1938." (Italics supplied.) In our judgment, a memorandum couched in such terms as the one in question is not good practice and should be avoided. However that may be, a party may move for a new trial after the court has definitely announced its decision and made it a matter of record, although findings of fact and conclu-

sions of law have not been filed. By making the motion, the party waives the objection that findings and conclusions have not been filed. Czanstkowski v. Matter, 213 Minn. 257, 6 N. W. (2d) 629; In re Estate of Waggner, 172 Minn. 217, 214 N. W. 892; Swick v. Sheridan, 107 Minn. 130, 119 N. W. 791; 6 Dunnell, Dig. & Supp. § 9850.

Thereafter, applicant made a motion to dismiss the entire registration proceeding (1) without any findings of fact, conclusions of law, order for judgment, or decree, and (2) without prejudice either to her right to bring another action concerning, or otherwise to assert, her right, title, or interest in and to the lands involved. The city made a motion that the court adopt and file certain proposed findings and conclusions of law which it claimed conformed to the memorandum of March 18, 1938. On June 5, 1942, the court made an order (1) denying the motion of the city; (2) denying the applicant's motion "in the form made"; and (3) dismissing the proceeding upon the following terms: (a) that all exhibits and documents filed, offered, or received in the proceeding be impounded; and (b) that the city recover its costs and disbursements to be taxed according to law. In a memorandum made part of the order, the court stated that, although it had no power to make conclusions of law or enter judgment in favor of defendants, it adopted the findings made in its order of March 18, 1938, as a determination of the issues litigated, which it stated "would estop applicant in any subsequent proceeding [litigation] between the parties involving the same subject matter," citing Seeger v. Young, 127 Minn. 416, 422, 149 N. W. 735. The court stated that the purpose of such determination was to leave the parties exactly as it found them at the time the motion to dismiss was made and to accord to the city "the benefits of any proceedings had and determination made." Subsequently, applicant made another motion in the alternative for the vacation of several orders or for a new trial, upon the ground, among others, that the court erred in refusing to allow the applicant to dismiss without prejudice. This motion was denied on October 16, 1942.

In case No. 33453, the appeal was taken under § 508.29(3), (§ 8275[3]), on November 13, 1942, from the order of October 16, 1942, which, among other things, denied applicant's motion for a new trial upon the ground that the court erred in its order of June 5, 1942, denying her motion to dismiss as made and granting it upon the terms imposed by the court. This appeal was taken within the 30 days allowed by statute.

In case No. 33707, applicant appealed from the orders of May 4, 1938, June 5, 1942, and October 16, 1942. On September 9, 1943, after the appeal in No. 33453 had been perfected and applicant had filed her brief therein, respondents served upon applicant notice of the filing of the orders mentioned. Applicant construed respondents' action in serving this notice to be for the purpose of starting the time to run within which to appeal, and, within 30 days after the service of the notice, applicant took an appeal to obviate objections raised to her appeal in No. 33453.

■ Respondents move to dismiss the appeal in No. 33453 upon the grounds that it brings up for review only that portion of the order of October 16, 1942, which denied applicant's motion for a new trial, and that an appeal from that part of the order is barred by the order of May 4, 1938, denying a new trial, which had not been vacated. In support of this view, respondents cite Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, where we held that, where a motion for a new trial is denied, a second motion for a new trial upon the same grounds, made after the time to appeal from the order denying the prior motion had expired, is not appealable unless the order on the prior motion had been vacated before the second motion was heard and considered. In the Barrett case we said that the second order simply confirms the first one and that the time for appealing terminated in virtue of the provisions of the statute providing that the appeal shall be taken within 30 days from notice of the order. We said that when the right to appeal has been thus terminated, it "is gone beyond power of recall" and that the right to appeal is not revived nor continued "by what at

best is merely an unsuccessful motion to vacate the first order."
(183 Minn. 439, 237 N. W. 19.)

This case is different. The second motion for a new trial involved, in addition to the grounds set forth in the first motion, the ground occurring after the making and the determination thereof that the court erred in denying applicant's motion to dismiss without prejudice. That ground, because it was nonexistent at the time the first motion was made, could not have been asserted or decided at that time. A second motion for a new trial may be made when it is based on grounds not included in the first one and satisfactory reasons appear for the omission. In the case of In re Guardianship of Wood, 140 Minn. 130, 132, 167 N. W. 358, 359, after we had affirmed an order denying a motion for a new trial in Wood v. Wood, 137 Minn. 252, 163 N. W. 297, we held that "A new trial may be granted because of evidence of facts arising after the trial," and we reversed upon that ground, even though the evidence was newly discovered not only after trial but after an appeal. Here, the motion to dismiss was made after the trial, but before findings of fact and conclusions of law were made and filed. If the refusal to dismiss on plaintiff's motion is error which can be reviewed on a motion for a new trial, then the appeal in No. 33453, insofar as it involves the denial of a new trial upon the ground that the court erred in refusing to dismiss, brings up that question for review. In Koerper v. St. P. & N. P. Ry. Co. 40 Minn. 132, 41 N. W. 656, we reversed, holding that error in denying plaintiff's motion to dismiss before trial could be reviewed on a motion for a new trial. Likewise, where the denial of the right to dismiss occurs after trial before the filing of the formal decision, the error can be so reviewed. Of course, under the doctrine of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, *supra,* all matters heard and determined by the order of May 4, 1938, are final and are not subject to review on appeal from the order of October 16, 1942, insofar as it denies a new trial; but that is not true as to the subsequent denial of applicant's motion for a new trial upon the ground that the court erred in not granting her motion to dismiss, because that matter

was neither heard upon the prior motion nor determined by the prior order. The motion to dismiss the appeal in No. 33453 is denied.

■ Applicant's motion to dismiss the proceeding was made under the second sentence of § 508.21 (§ 8267). This section provides:

"If the court shall find after hearing that the applicant has not a title proper for registration, an order shall be entered dismissing the application which may be without prejudice. The applicant may upon motion dismiss the application at any time before the final decree is entered upon such terms as shall be fixed by the court."

It is clear that the first sentence relates to involuntary dismissals by the court and that the second one, with which we are now concerned, relates to voluntary dismissal by the applicant.

At the outset it is well to remember that the stage of the proceeding at which a party should be permitted voluntarily to dismiss or to discontinue is a matter of statutory regulation. Willard v. Max A. Kohen, Inc. 202 Minn. 626, 279 N. W. 553. Because of diversity of rule under the common law, statutes, and rules of court which fix the stage of a proceeding at which a voluntary dismissal or discontinuance may be taken, as, after verdict, after findings, before trial, before final submission, and so on, the legislature had a wide range of choice in selecting the rule for a proceeding under the land title registration statute. See exhaustive annotation, 89 A. L. R. 13. The legislature has deliberately prescribed rules governing the right to dismiss by providing that in ordinary civil actions a voluntary dismissal shall be "before the trial begins" (Minn. St. 1941, § 546.39 [Mason St. 1927, § 9322]), and that in a land title registration proceeding it shall be "at any time before the final decree is entered." Hiller v. Smith, 191 Minn. 272, 273, 253 N. W. 773, 774; Bolstad v. Paul Bunyan Oil Co. 215 Minn. 166, 9 N. W. (2d) 346. When the intention of the legislature has been ascertained, it is our duty to give full effect to that intention without limitation or qualification by judicial action. "Judicial erosion of a statute * * * is as much forbidden as out-

right judicial disobedience. Evasion, under the guise of construction, is barred." Scott v. Prudential Ins. Co. 207 Minn. 131, 134, 290 N. W. 431, 433.

The plain meaning of the language that the applicant shall have the right to dismiss the application before the final decree is entered is that the right to dismiss is without prejudice and absolute, subject only to such terms as may be imposed by the court, even though the defendant may have demanded affirmative relief. Such a dismissal leaves the parties as if no proceeding had been instituted. It accords to the applicant the privilege, if he so prefers, of having his title as it was before the application for registration. Hiller v. Smith, 191 Minn. 272, 253 N. W. 773; (see Ferch v. Hiller, 210 Minn. 3, 297 N. W. 102); McQuesten v. Commonwealth, 198 Mass. 172, 83 N. E. 1037; Krutz v. Dodge, 66 Wash. 178, 119 P. 188, Ann. Cas. 1913C, 869; 53 C. J., Registration of Land Titles, § 42. In the Krutz case, it was pointed out that the meaning of an identical statute seemed so plain as not to require construction. But, if resort to construction were necessary, the history of land registration statutes, as shown in the McQuesten case, makes the meaning clear beyond doubt. The McQuesten and Krutz cases were cited by us with approval in Hiller v. Smith, *supra*.

The terms which the court can impose are simply a pecuniary award, not restricted to taxable costs, to save the defendant harmless from loss caused by the institution of the proceeding. The court is not authorized to qualify or to limit the right to dismiss by creating a bar or estoppel on the part of the applicant with respect to his or the defendant's right, title, or interest in and to the land. McQuesten v. Commonwealth, 198 Mass. 172, 83 N. E. 1037; Krutz v. Dodge, 66 Wash. 178, 119 P. 188, Ann. Cas. 1913C, 869.

In the instant case the court, under the rule of Seeger v. Young, 127 Minn. 416, 149 N. W. 735, imposed as the terms of dismissal that it was subject to the findings made in the order of March 18, 1938, to the effect that defendant city owned tract IV and was entitled to certain easements in the other lands and that the find-

ings were operative as an estoppel against applicant and in favor of the city. If the rule of Seeger v. Young is correct, an affirmance upon this point would follow; but if we overruled the case on this point, we should have to reverse.

The case of Seeger v. Young should be, and it is, overruled insofar as it holds that, where the applicant moves to dismiss before entry of the final decree, any findings then made or to be made shall be determinative of the rights of the parties in and to the lands involved. The bases upon which that decision rests are unsound. The first error committed by this court in that case was the assumption that in such a proceeding the court has the power or duty to make any findings at all. This resulted from failure to distinguish between a dismissal not involving the merits and a decision upon the merits after trial. The rules governing the trial of ordinary civil actions apply to a land title registration proceeding. Section 508.20 (§ 8266). Hence, where a voluntary dismissal is taken, no findings are necessary. Section 546.27 (§ 9311); Pioneer L. & L. Co. v. Bernard, 156 Minn. 422, 195 N. W. 140. The dismissal may be by informal entry or order. Bolstad v. Paul Bunyan Oil Co. 215 Minn. 166, 9 N. W. (2d) 346; 27 C. J. S., Dismissal and Nonsuit, § 36. Because findings were held to be necessary in a land title registration proceeding where the decision was on the merits after trial, we held in the Seeger case that they were necessary also where the decision was one of dismissal. This was a clear misapplication of the rule. It is not only unnecessary to make findings in such cases, but the power to do so is entirely lacking. The rule that the taking of a voluntary dismissal pursuant to statute ends the case and ousts the court of jurisdiction thereafter to enter judgment on the merits (Muellenberg v. Joblinski, 188 Minn. 398, 247 N. W. 570) applies. In McQuesten v. Commonwealth, 198 Mass. 178, 83 N. E. 1040, *supra*, the court held that the applicant's motion to dismiss "terminated" the proceeding, subject only to the imposition of terms. In the instant case there were no final findings when the motion to dismiss was made. Those made in the order of March 18, 1938, were tentative and sub-

ject to further action by the court. The order of dismissal clothed the tentative findings with finality; in effect, the court then made findings by adopting those tentatively made in the prior order. It then had no power to make findings at all.

The second error in the Seeger case consisted in holding that the court had the power, where the proceeding was dismissed, to determine the right, title, and interest of the defendant by creating an estoppel based upon findings with respect to the defendant's right, title, and interest in the lands involved. Of course, where title is registered, the court may and should, as an incident of registration, determine the defendant's right, title, and interest. Otherwise, it has no power to grant the defendant affirmative relief. Foss v. Atkins, 204 Mass. 337, 90 N. E. 578; In re Rosenbledt, 24 Haw. 298. Where the applicant has no title, it is the duty of the court, under the first sentence of § 508.21 (§ 8267), to dismiss the proceeding. In the Seeger case (127 Minn. at p. 421, 149 N. W. at p. 737), this court recognized the lack of power to adjudicate the right, title, and interest of the defendant where the applicant dismisses before entry of the final decree, by saying that the court had "no power in such case to decree title in defendant or to order such title registered, but only to dismiss the application." For lack of power to make an adjudication, it lacked the power to create an estoppel. By creating the estoppel, the court did the very thing which it admittedly had no power to do. An express adjudication could not do more, for, after all, a judgment simply creates an estoppel by record. Womach v. City of St. Joseph, 201 Mo. 467, 100 S. W. 443, 10 L.R.A.(N.S.) 140; 3 Dunnell, Dig. & Supp. §§ 5159 to 5162.

Thirdly, in the Seeger case this court erroneously held in effect that an adjudication could be made by a mere finding. We held that, although the court under the circumstances, could make no conclusions of law or adjudication on the findings, it could make findings which would operate to create an estoppel as to the facts found. To say the least, this is anomalous. It is hornbook law that a finding must pass into judgment before it can operate as a

bar or estoppel. We decided this precise point in State v. Brooks-Scanlon Lbr. Co. 137 Minn. 71, 72, 162 N. W. 1054, where Mr. Justice Dibell succinctly said:

"It is the adjudication which operates as a bar and without it a verdict or finding is not of that effect." Accord, 3 Dunnell, Dig. & Supp. § 5164.

There is no conceivable reason for applying a different rule in a land title registration proceeding.

Finally, however we may view the matter, the creation of the estoppel, based upon such findings, as a term of dismissal denies to the applicant his statutory right to dismiss without prejudice. After all, the right to dismiss is a substantial one, which courts have no right to deny. As Mr. Chief Justice Taft said in Matter of Skinner & Eddy Corp. 265 U. S. 86, 93, 44 S. Ct. 446, 448, 68 L. ed. 912, 914:

"The right to dismiss, if it exists, is absolute. It does not depend on the reasons which the plaintiff offers for his action. The fact that he may not have disclosed all his reasons or may not have given the real one cannot affect his right."

It may be further observed that the decisions in the McQuesten and Krutz cases showing that the rule is as we have indicated were neither cited nor considered in Seeger v. Young.

■ Where a party has taken an appeal to this court, he may not during its pendency take another appeal in the same cause from the same order or judgment. Cruzen v. Merchants State Bank, 109 Minn. 303, 123 N. W. 666. If the appeal in No. 33707 were only from the order of October 16, 1942, we should be bound under the rule to dismiss it with costs. But that appeal was also from other orders, which we do not reach for review because of our decision in No. 33453 holding that applicant is entitled to dismiss the proceeding below. In that situation, there is nothing to decide upon the second appeal, and consequently there must be a dismissal, but we think that under the circumstances it should be without costs to either party. 2 Dunnell, Dig. § 2238.

Our conclusion is that applicant is entitled below to a dismissal of the proceeding without prejudice, subject only to such terms by way of pecuniary award to save the defendant harmless from loss caused by the institution of the proceeding as the court upon hearing may determine.

In No. 33453 the order is reversed with directions to proceed in accordance with the views herein expressed.

In No. 33707 the appeal is dismissed without costs to either party.

MR. JUSTICE STREISSGUTH took no part in the consideration or decision of this case.

