JANET M. MITCHELL v. CLARA W. BAZILLE AND OTHERS. CITY OF ST. PAUL AND ANOTHER, APPELLANTS.[1]

January 26, 1945.

No. 33,899.

[1]Reported in 17 N. W. (2d) 353.

*Harry W. Oehler,* Corporation Counsel, and *Ira Karon,* Assistant Corporation Counsel, for appellants.

*Edward A. Knapp,* for respondent.

YOUNGDAHL, JUSTICE.

This is an appeal from an order of the district court disallowing as terms of the dismissal by plaintiff of a land title registration proceeding certain items of salaries and wages paid to employes of defendants for time claimed by them to have been spent in connection with preparation, trial, and subsequent proceedings before the court. The merits of the controversy were previously determined in Mitchell v. Bazille, 216 Minn. 368, 13 N. W. (2d) 20, where the facts are fully set forth. The principal issue there involved was whether the lower court erred in refusing to grant applicant's motion to dismiss the proceeding without prejudice before the entry of the final decree. We concluded that the court erred in refusing to allow applicant to dismiss without prejudice, a right he was entitled to under Minn. St. 1941, § 508.21 (Mason St. 1927, § 8267), which reads:

"If the court shall find after hearing that the applicant has not a title proper for registration, an order shall be entered dismissing the application which may be without prejudice. The applicant may upon motion dismiss the application at any time before the final decree is entered upon such terms as shall be fixed by the court."

In the previous case we stated (216 Minn. 379, 13 N. W. [2d] 26):

"Our conclusion is that applicant is entitled below to a dismissal of the proceeding without prejudice, subject only to such terms by way of pecuniary award to save the defendant harmless from loss caused by the institution of the proceeding as the court upon hearing may determine."

The proceedings were remanded "with directions to proceed in accordance with the views herein expressed." Subsequently, defendants made a motion "for an order fixing the terms by way of pecu-

niary award which shall save the defendants harmless from loss caused by the institution of the * * * proceedings, as set forth in the opinion of the Supreme Court in said matter."

The lower court allowed certain requested items, but disallowed the claim for salaries and wages paid to two assistant city attorneys, an engineer, and three manual laborers, all regular employes of defendants, for time claimed to have been spent by them exclusively in preparation, trial, and proceedings subsequent to trial.

The single question presented here is whether the court erred in refusing such allowances. Defendants assert that on the showing made by them in the affidavits submitted in support of the motion the court should have allowed those items in order to save the defendants harmless from loss caused by the institution of the registration proceeding. Defendants seem to overlook the fact that, under the statute, the court is vested with discretion in determining what terms shall be imposed to save defendants harmless in such case. We should not interfere unless there is manifest abuse of that discretion. That the court carefully considered the matter is indicated by the memorandum attached to its order, wherein, in explanation of its action in disallowing these items, it said:

"* * * The Court is unable to determine what, if any, pecuniary loss the City suffered by reason of the fact that its attorneys were employed in the prosecution of this matter rather than in the prosecution of other legal affairs of the City. The same reasoning applies to the other disallowed items of employes of the City. The Court has no doubt but what if it clearly appeared that as a result of the preoccupation of any employe the City had been put to extra expense for other employes to take the place of the named employes while engaged in the work of preparing this proceeding for trial or while occupied in court that then such extra expense would have been a loss for which the City and the Water Board should have been compensated by an allowance here."

We believe this to be an accurate and clear appraisal of the showing made by defendants, and that the court was justified in dis-

allowing the items of salaries and wages. The record is void of any proof showing extra expense or pecuniary loss sustained by defendants in connection with the registration proceeding. Therefore, the court clearly did not abuse its discretion in disallowing the items in question.

Affirmed.